STATE of Tennessee, Appellee,

v.

**Jack J. BROTHERS, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Oct. 17, 1991.

Permission to Appeal Denied by Supreme Court Feb. 24, 1992.

Robert S. Peters, Winchester, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, James W. Milam, Asst. Atty. Gen., Nashville, C. Michael Layne, Dist. Atty. Gen., Kenneth J. Shelton, Asst. Dist. Atty. Gen., Manchester, for appellee.

OPINION

PEAY, Judge.

The defendant was convicted of driving under the influence of an intoxicant, third offense, and was sentenced to eleven months and twenty-nine days in the workhouse. A fine of twenty-five hundred dollars ($2500) was also assessed.

Presenting two issues for review, the defendant now brings this appeal as of right. In his first issue he contends that the officer did not have a proper basis for making the investigatory stop which led to his arrest. In his second issue he complains that the trial court improperly allowed into evidence the content of an anonymous telephone call. After consideration of the record in this cause, we find these issues to be without merit and, therefore, affirm the trial court.

The State contends that the defendant's first issue has been waived since it was not raised pretrial. In support of this contention, they cite Tenn.R.Crim.P. 12(b)(3), which provides that motions to suppress evidence must be raised prior to trial. As the record reflects that this issue was not raised until after the State completed its proof, we are prohibited from considering it unless the defendant can show a substantial likelihood of a constitutional violation. See State v. Davidson, 606 S.W.2d 293, 296 (Tenn.Crim.App.1980).

The Tullahoma police officer who made the contested stop testified that he had received a radio dispatch concerning an older model black Chevrolet truck which was being operated by an intoxicated driver. (We must assume this was an anonymous tip). The officer further stated that he had proceeded east on Lincoln Street towards the Eastgate Apartments. While doing so, he had observed a vehicle which apparently fit the description given by the dispatcher. The officer then turned his vehicle around and followed the defendant, who was allegedly driving about twenty miles per hour or slightly less in a thirty mile per hour zone. When the defendant entered a Food Town parking lot, the officer turned on his blue lights. At that point the defendant parked and got out of his vehicle.

On cross-examination the officer admitted that he had only been following the vehicle because of the radio dispatch but further stated that he probably would have stopped the vehicle because of its slow speed even if he had not received the dispatch. He also testified that traffic had begun to back up behind them and that there were no cars in front of the defendant requiring him to drive at such a slow rate of speed.

A determination of the propriety of the stop turns on whether the officer had an "articulable and reasonable suspicion" that the vehicle or its occupants were subject to seizure for violation of the law. *Delaware v. Prouse,* 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660, 673 (1979). For an investigatory stop the officer's suspicion must be supported by specific and articulable facts; however, probable cause is not required. *Terry v. Ohio,* 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889, 909 (1968); *Hughes v. State,* 588 S.W.2d 296, 303 (Tenn.1979); *State v. James Chester Cobb, Sr.,* No. 01–C–01–9011–CC–00308, Hickman County, 1991 WL 71910 (Tenn. Crim.App. filed May 7, 1991, at Nashville); *State v. Coleman,* 791 S.W.2d 504, 505 (Tenn.Crim.App.1989).

While the decisions rendered in *Coleman* and *Cobb* may seem inconsistent with the results here, the facts of this case are distinguishable from those of *Coleman* and *Cobb.* In the *Coleman* case the anonymous tip concerned the transportation of drugs, and this Court found that the sole basis of the stop was the information sup-

◼ ▬▬▬▬▬▬

plied by the anonymous tip. There was no independent observation to support the information given concerning the alleged drug offense.

In the *Cobb* case there was an investigatory stop as a result of an anonymous tip concerning a possible drunken driver. Although the officer observed the driver cross the double yellow center line by four or five inches, he testified that his decision to stop the defendant had been based solely on the information provided by the dispatcher.

As noted, the officer in this case observed a vehicle which fit the description given in the radio dispatch. He subsequently followed the vehicle and observed its being driven at an unusually slow pace causing traffic to back up behind them. In addition, the officer stated that he had previously stopped individuals driving at an unusually slow rate of speed. He further testified, "The vehicle that Mr. Brothers was operating was traveling approximately 20 miles per hour, maybe a little bit under 20. The speed limit is 30. A lot of people who are under the influence of some type of intoxicant, that is something that you look for."

The information the officer received concerned an intoxicated driver, and he personally observed the defendant driving in a manner often consistent with intoxicated drivers. The officer's suspicion was supported by specific and articulable facts and was, therefore, a proper basis for the investigatory stop. As the defendant has failed to show a substantial constitutional violation, his first issue is without merit.

◼ In the defendant's second issue he contends that the trial court erred by allowing into evidence the contents of the dispatch to the effect that an intoxicated driver was operating a black Chevrolet pickup truck. Since he failed to cite authority in support of his argument, the defendant has waived this issue. Rules of the Court of Criminal Appeals of Tennessee 10(b); *State v. Killebrew*, 760 S.W.2d 228, 231 (Tenn.Crim.App.1988). Even if it were error, it appears to have been harmless without a doubt for two reasons. First, it is clear that the proof of intoxication was strong. In addition, upon the defendant's objection the court gave limiting instructions to the jury. We must presume that the jury complied with the trial judge's instructions. *State v. Blackman*, 701 S.W.2d 228, 233 (Tenn.Crim.App.1985).

Having considered the matters raised by the defendant, we find the conviction should be affirmed.

WADE and SUMMERS, JJ., concur.