Carmona v. Bunzl Distribution 






NUMBER 13-01-00188-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG


 

RUBEN CARMONA, INDIVIDUALLY AND D/B/A T.O.C. DISTRIBUTION, Appellant,


v.


BUNZL DISTRIBUTION A/K/A PAPERCRAFT, INC. A/K/A BUNZL U.S.A., Appellee.

 

On appeal from the County Court at Law Number 4


of Hidalgo County, Texas.

 

O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

Opinion by Justice Hinojosa


This is a restricted appeal from a default judgment. By a single point of error, appellant, Ruben Carmona, individually and
d/b/a T.O.C. Distribution, contends the trial court erred in granting the default judgment because the civil process server
authorized by the trial court to serve appellant with citation did not verify the return of citation. We vacate the judgment
and remand the case to the trial court for further proceedings.

A. Procedural History

On February 19, 1999, appellee, Bunzl Distribution a/k/a Papercraft, Inc. a/k/a Bunzl U.S.A., filed suit against appellant on
a sworn account. According to appellee's petition, appellant could be "served with process at 1000 Primrose Drive, Pharr,
Texas 78577 or alternately at 2003 N. I Road, No. 6, San Juan Texas 78589." On February 15, 2000, the trial court signed
an order authorizing civil process server Maricela D. Gomez to serve appellant with citation.

On March 28, 2000, appellee filed a "Motion for Rule 106 Service," asserting that Maricela D. Gomez had attempted to
serve appellant at 1000 Primrose Drive in Pharr, Texas on four separate occasions, but that she had not found him at that
address. Appellee asked the trial court for permission to serve appellant "by leaving a true copy of the Citation and the
Plaintiff's Original Petition with anyone over 16 years of age, or by attaching a copy of the Citation and Plaintiff's Original
Petition to the main entrance of 1000 Primrose, Pharr, Hidalgo County, Texas." See Tex. R. Civ. P. 106. The trial court
signed an order authorizing such service on March 30, 2000.

The return of citation, filed on April 13, 2000, shows that the citation and plaintiff's petition were served at 10:10 a.m. on
April 11, 2000, at 1000 Primrose, Pharr, Texas, on "Ruben Carmona c/o Maria Trevino by 106 Order."

B. Restricted Appeals

Restricted appeals replace writ of error appeals to the court of appeals. Tex. R. App. P. 30. The notice of appeal in a
restricted appeal must be filed within six months after the judgment is signed. Tex. R. App. P. 26.1(c). Statutes relating to
writ of error appeals to the court of appeals apply equally to restricted appeals. Tex. R. App. P. 30.

A party who did not participate - either in person or through counsel - in the hearing that resulted in the judgment
complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or
a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c).
Tex. R. App. P. 30.

To successfully attack a default judgment by restricted appeal, the appellant must: (1) file the restricted appeal within six
months after the final judgment is signed; (2) be a party to the lawsuit; (3) have not participated at trial; and (4) demonstrate
error apparent from the face of the record. Quaestor Invs., Inc. v. Chiapas, 997 S.W.2d 226, 227 (Tex. 1999). The
six-month time limit is mandatory and jurisdictional. Id.

C. Analysis

The record shows that appellant filed this restricted appeal within six months after the trial court signed the default
judgment. The clerk's record shows that appellant was a named defendant in the lawsuit. The reporter's record of the
default judgment hearing shows that appellant did not participate at the hearing. We conclude appellant has satisfied the
first, second, and third requirements.

We must now decide whether reversible error is apparent from the record. Appellant contends the trial court erred in
granting the default judgment because the civil process server authorized by the trial court to serve appellant with citation
did not verify the return of citation.

Because no trial court evidentiary fact-finding is necessary, a "defective service" complaint may be raised for the first time
on appeal. Nueces County Hous. Assistance, Inc. v. M & M Res. Corp., 806 S.W.2d 948, 949 (Tex. App.--Corpus Christi
1991, writ denied). When we review a restricted appeal, there are no presumptions of valid issuance, service, and return of
citation. Uvalde Country Club v. Martin Linen Supply Co., 690 S.W.2d 884, 885 (Tex. 1985).

Before a default judgment is properly rendered, the record must reflect that the trial court has jurisdiction and that the case
is ripe for judgment. Finlay v. Jones, 435 S.W.2d 136, 138 (Tex. 1969). When determining whether the case is ripe for
judgment, the trial judge has a mandatory duty to determine that the defendant was duly served with citation and has no
answer on file. Id. at 138-39. Unless the record affirmatively shows, at the time the default judgment is entered, either an
appearance by the defendant, proper service of citation on the defendant, or a written memorandum of waiver, the trial
court does not have in personam jurisdiction to enter a default judgment against the defendant. Am. Universal Ins. Co. v.
D. B. & B., Inc., 725 S.W.2d 764, 766 (Tex. App.-Corpus Christi 1987, writ ref'd n.r.e.). The failure of the record to
affirmatively show strict compliance with the rules of civil procedure will render the attempted service of process invalid
and of no effect. Uvalde Country Club, 690 S.W.2d at 885; Ashley Forest Apartments (Lindsay Enter.) v. Almy, 762
S.W.2d 293, 294 (Tex. App.--Houston [14th Dist.] 1988, no writ). Virtually any deviation from the statutory requisites for
service of process will destroy a default judgment. Nueces County, 806 S.W.2d at 949.

Rule 107 of the Texas Rules of Civil Procedure states, in relevant part, as follows:

The return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall
state when the citation was served and the manner of service and be signed by the officer officially or by the authorized
person. The return of citation by an authorized person shall be verified.

Tex. R. Civ. P. 107 (emphasis added).

In McGraw-Hill, Inc. v. Futrell, the appellant argued that a default judgment should be reversed because the process server
had not verified the return of citation, as required by rule 107 of the Texas Rules of Civil Procedure. McGraw-Hill, Inc. v.
Futrell, 823 S.W.2d 414, 416 (Tex. App.-Houston [1st Dist.] 1992, writ denied). The process server had only completed a
certificate of delivery at the bottom of the return, certifying that he had delivered a copy of the citation to McGraw-Hill. Id. 
The court of appeals noted that it had previously defined "verified" as "[a]n acknowledgment of an instrument before a
notary public proves or verifies it for record." Id. (citing City of Houston v. Quinones, 172 S.W.2d 187, 190 (Tex. Civ.
App.-Galveston 1943), rev'd on other grounds, 142 Tex. 282, 177 S.W.2d 259 (1944)). The court reversed the default
judgment because there was nothing on the citation or attached to the citation that could be considered a verification. 
McGraw-Hill, 823 S.W.2d at 415-16.

In Garza v. Zavala, the appellee admitted that the return of citation was not verified. Garza v. Zavala, 905 S.W.2d 312, 313
(Tex. App.-El Paso 1995, no writ). The court found that the process server had completed a certificate of delivery,
certifying that he had delivered a copy of the citation to the appellant, but there was nothing on the citation or attached to
the citation that could be "considered a verification of this certificate of delivery." Id. Because the face of the record failed
to show strict compliance with Texas Rule of Civil Procedure 107, the court of appeals held that service of process on
Garza was defective and reversed the default judgment. Id.

D. Conclusion

We adopt the reasoning of our sister courts in Houston and El Paso. In the instant case, the return of citation shows that
Maricela D. Gomez served the citation and plaintiff's petition on "Ruben Carmona c/o Maria Trevino by 106 Order" at
10:10 a.m. on April 11, 2000. We find nothing on the citation or attached to the citation that could be considered a
verification of the return of citation. Because the face of the record fails to show strict compliance with the rules of civil
procedure, we conclude appellant has satisfied the fourth requirement. Accordingly, we hold that service of process on
appellant was invalid and of no effect. We sustain appellant's sole point of error.

The judgment of the trial court is vacated and this cause is remanded to the trial court for further proceedings.



FEDERICO G. HINOJOSA

Justice

Publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the 14th day of March, 2002.