NUMBER
13-01-750-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

 

COMBUSTION
ENGINEERING, INC.,                                      Appellant,

 

                                                   v.

 

BETTY ANN
VUKICH, ET AL.,                                               Appellees.

 

     On
appeal from the 148th District Court of Nueces County, Texas.

 

                                   O
P I N I O N

 

                   Before
Justices Hinojosa, Castillo, and Chavez[1]

                                  Opinion
by Justice Chavez

 








In
this appeal from a no-answer default judgment, we are asked to decide whether a
rule 11[2]
agreement, filed after the judgment was granted, cured a deficiency in service
of process.  We hold that because it did
not, the trial court never acquired in personam jurisdiction over
appellant, and the judgment is therefore void. 
We reverse and remand.

In
a Fourth Amended Petition filed October 26, 1999, in an ongoing lawsuit
initially brought by Manuel Narvaez and others on August 28, 1995, appellees[3]
were added as additional plaintiffs and appellant, Combustion Engineering,
Inc., was added as an additional defendant. 
The petition alleged that appellant could be served with process A[t]hrough
Connecticut Valley Claim Service Company (ACVCSC@), 525 Brook
Street, Rock Hill, Connecticut 06067, via certified mail, return receipt
requested.@  Connecticut Valley was not otherwise
identified, nor was any explanation given as to why appellant should be served
through it.  The non-resident citation
issued by the district clerk is addressed to: ACOMBUSTION ENGINEERING, INC., C/O
CONNECTICUT VALLEY CLAIM SERVICE COMPANY (ACVCSC@), 525 BROOK
STREET, ROCK HILL, CONNECTICUT 06067, the defendant.@   An affidavit signed by Melanie A. Fagan
attests that citation was served on appellant Aby delivering to: Combustion Engineering,
Inc., by delivering to: CVCSC/Registered Agent, by delivering to:
M.C./Authorized Agent . . .@[4]  The signature on the return receipt is AMC.@  








On
August 14, 2000, a Fifth Amended Petition was filed.[5]  Although appellees were named in the style of
the pleading, their names were omitted from the paragraph identifying the
plaintiffs in the petition, the specific ADamages@ section of the
pleading, and the prayer.  The Fifth
Amended Petition was the live pleading on April 9, 2001, the day the case was
called for trial.  On that day, appellees
were granted a no-answer default judgment against appellant and evidence on
damages was presented the following day. 
The judgment awarding damages to appellees, signed on April 11, 2001,
stated that because the order did not dispose of all issues and claims in the
case, it was not a final judgment. 
Appellant filed a motion to vacate judgment or, alternatively, motion
for new trial on May 10, 2001.  Without
ruling on appellant=s motion, the
trial court severed appellees= claims on
September 10, 2001 from the main cause of action.  

  In its first issue, appellant contends that
on the date the judgment was granted, the trial court had not acquired in
personam jurisdiction over it because the service of process was fatally
flawed.  No judgment can be rendered
against a defendant unless properly served with citation, upon acceptance of or
waiver of service, or upon an appearance by the defendant.  Tex.
R. Civ. P. 124; See Strawder v. Thomas, 846 S.W.2d 51, 62 (Tex.
App.CCorpus Christi
1992, no writ) (op. on reh=g) (ARules relating
to service of process are mandatory, and a failure to comply therewith, if a
judgment be rendered against a party who was not served in accordance with
those rules (and who did not waive service of citation or appear voluntarily)
renders the judgment void.@).  








Service
on a foreign corporation is to be made upon its president, any vice-president
or its registered agent for service.  Tex. Bus. Corp. Act Ann. art. 2.11, ' A (Vernon
1980).   Here, the citation was directed
to appellant, identified in the petition as a foreign corporation, in care of
Connecticut Valley Claims Service Company. 
Connecticut Valley=s identity or
relationship to appellant, however, was not alleged.  The return also fails to reflect that service
was made on any of appellant=s officers or
its registered agent for service.  It is
clear, therefore, that service was not properly made as required by article
2.11, section A.  See id.  At argument, appellees= counsel
conceded that service was defective at the time the judgment was granted.  Appellees argue, however, that the deficiency
in service was cured by a rule 11 agreement signed on January 25, 2000 by
appellant=s counsel and
filed after the judgment was signed. 
Before addressing this issue, we examine the jurisdictional issues
raised by appellees.








In
their first two cross-points, appellees argue that we do not have jurisdiction
to consider appellant=s evidence and
legal arguments raised in its motion and amended motion for new trial because
they were not timely filed.  Appellees
contend that appellant=s first motion
for new trial was overruled by operation of law, and later, was expressly
overruled by the trial court before appellant filed the motion and amended
motion for new trial.  Appellees base
their argument on the fact that the default judgment was signed on April 11,
2001 and appellant=s motion to
vacate, or alternatively, motion for new trial was filed on May 10, 2001.  They argue that this was the only timely
filed motion for new trial because it was filed within thirty days from the
signing of the default judgment.  See Tex. R. Civ. P. 329b(a).  They also argue that this motion was
overruled by operation of law on June 25, 2001 (seventy-five days after the
judgment was signed).[6]  

We
disagree with appellees= argument
because the judgment signed on April 11, 2001 was not a final judgment.  The judgment itself said so.  Rather, it was interlocutory because other
parties still had unresolved claims pending when the judgment was granted.  See City of Beaumont v. Guillory, 751
S.W.2d 491, 492 (Tex. 1988) (a judgment that does not dispose of all parties
and issues in a pending suit is interlocutory and not appealable unless the
trial court orders severance of the case). 
The interlocutory judgment became final and appealable on September 20,
2001, when appellees= claims were
severed from the main cause of action. 
It was only then that the appellate timetable began to run.  See Martinez v. Humble Sand & Gravel,
Inc., 875 S.W.2d 311, 313 (Tex. 1994) (AWhen a severance order takes effect, the
appellate timetable runs from the signing date of the order that made the
judgment severed >final= and
appealable.@).  Accordingly, when the motion to vacate, or
alternatively, motion for new trial was filed, the appellate timetable had not
yet started to run and the motion was unaffected by rule 329b(c).   








Although
the motion to vacate, or alternatively, motion for new trial, was filed before
the default judgment became final, it was nonetheless timely.  See
Tex. R. Civ. P. 306c
(every such motion [filed before judgment] Ashall be deemed to have been filed on the
date of but subsequent to the time of signing of the judgment the motion
assails@); Padilla
v. LaFrance, 907 S.W.2d 454, 458 (Tex. 1995).  On October 9, 2001, a hearing was held on the
motion to vacate.  The hearing consisted
mostly of argument over whether the motion had been overruled by operation of
law as previously discussed.  Appellant
argued that the motion to vacate was timely and that it could, in fact, still
file a motion for new trial because thirty days from the date judgment became
final had not yet elapsed.  At the end of
the hearing, the trial court informed counsel to submit letter briefs and that
it would either issue a ruling on the motion or schedule a hearing should it
become necessary to take evidence.    

On
October 16, without further hearing, the trial court overruled the motion to
vacate and the motion for new trial alternatively filed with the
motion to vacate.  Thereafter, appellant
filed a motion for new trial on October 18 and an amended motion for new trial
on October 22, 2001.  At a hearing on
November 16, 2001, appellees objected to the motions as not being timely
because the first motion for new trial had been overruled and leave of court
had not been obtained to file an amended motion. Although appellant=s October 19
motion for new trial and the October 22 amended motion for new trial were filed
without leave of court, appellant, on the day of the hearing, sought and was
granted leave to file them.  








Rule
329b(b) allows one or more amended motions for new trial to be filed without
leave of court if any preceding new trial motion has not been overruled and the
amended motion is filed within thirty days after the judgment is signed.  Tex.
R. Civ. P. 329b(b).  It follows,
then, that where a preceding motion for new trial has been overruled, leave of
court must be obtained in order to file one or more amended motions for new
trial within thirty days after the judgment is signed.  See Reviea v. Marine Drilling Co., 800
S.W.2d 252, 258 (Tex. App.BCorpus Christi
1990, writ denied).  Because leave of
court was granted in this case, we hold that the amended motion for new trial,
the operative motion, was timely filed. 
Appellees= cross-points
are overruled.

We
next examine appellees= argument that
the deficiency in service was cured when the rule 11 agreement was signed by
one of appellant=s counsel.  Appellees= counsel was involved in other asbestosis
lawsuits that also involved Combustion Engineering as a defendant.  In another case, a discovery dispute arose
involving appellees= counsel and
attorney Mary Lou Mauro, representing Combustion Engineering in that case.[7]  The dispute was settled when Mauro was given
additional time to file responses to a discovery request in exchange for her
agreement to accept service for Combustion Engineering in this and other
cases.  Appellees= counsel=s
representative and Mauro signed the letter, the rule 11 agreement, on January
25, 2000.  There is disagreement about
whether Mauro actually accepted service in this case when she signed the
letter, or whether the letter only expressed her agreement to accept service
when the petition was delivered to her, or whether she agreed to waive the
deficiencies in service in this case. 
There is also disagreement as to whether the unsworn rule 11 agreement
complied with the acceptance of service requirements set out in rule 119. See
Tex. R. Civ. P. 119.[8]  








Appellees
argue that appellant judicially admitted in the rule 11 agreement that service
was proper and free from defects and should not now be allowed to repudiate the
agreement.  Even if we agreed with
appellees= position,
which we do not, the fact remains that the agreement was not on file when the
trial court granted the judgment.  In
order for the agreement to be enforced, it had to be filed with the papers as
part of the record prior to the granting of the judgment.  See Tex.
R. Civ. P. 11;[9]
see also LaFrance, 907 S.W.2d at 461 (purpose of filing requirement in
rule 11 is satisfied so long as the agreement is filed before it is sought to
be enforced).  If appellees sought to
make the agreement a part of the service of process, it needed to be on file
for more than ten days before the hearing as required by rule 107.  Rule 107 provides that no default judgment
may be granted unless the citation with officer=s return shall have been on file with the
clerk for ten days.  Tex. R. Civ. P. 107.  Before judgment can be granted to a party,
there must be strict compliance with the appropriate service rules.  Tex.
R. Civ. P. 124; Carmona v. Bunzl Distribution, 76 S.W.3d 566,
568-69 (Tex. App.BCorpus Christi
2002, no pet.) (AUnless the
record affirmatively shows, at the time the default judgment is entered, either
an appearance by the defendant, proper service of citation on the defendant, or
a written memorandum of waiver, the trial court does not have in personam
jurisdiction to enter a default judgment against the defendant.@); Strawder,
846 S.W.2d at 62.








We
hold that the unsworn rule 11 agreement in this case was not in strict
compliance with rule 119 and could not serve as a valid waiver of citation or
cure the defects in the service of process upon appellant.  Because service of process was fatally
defective at the time the default judgment was granted, the trial court did not
acquire in personam jurisdiction over appellant and the judgment is
therefore void.  Appellant=s first issue
is sustained.  Due to our disposition of
issue one, we need not address the other issues brought forth by the
parties.  See Tex. R. App. P. 47.1.

 We REVERSE the judgment and REMAND the case
for further proceedings.

 

                                                             
     MELCHOR CHAVEZ

Justice

 

 

 

Do not publish.  Tex.
R. App. P. 47.3.

 

Opinion delivered and filed this
the

21st day of November, 2002.

 











[1]Retired
Justice Melchor Chavez, assigned to this Court by the Chief Justice of the
Supreme Court of Texas pursuant to Tex.
Gov=t Code Ann. '
75.002 (Vernon 1998).





[2]See
Tex. R. Civ. P. 11.





[3]Appellees
are Betty Ann Vukich, Individually and as Personal Representative of the Heirs
and the Estate of and as Wrongful Death Beneficiary of John Vukich, Deceased,
and David Vukich, John Vukich, Kathy Vukich Wilson, and Deborah Vukich, as
Wrongful Death Beneficiaries of John Vukich; and Faye Toebe, Individually and
as Personal Representative of the Heirs and the Estate of and as Wrongful Death
Beneficiary of Leonard Toebe, Deceased.

 





[4] This
affidavit was attached to appellees= motion for default judgment filed April
9, 2001.

 





[5] It is
interesting to note that the Fourth Amended Petition listed the plaintiffs=
attorneys as Silber Pearlman, P.C. and Kaeske-Reeves, L.L.P.  The pleading is signed by Kay Gunderson
Reeves of the Kaeske firm.  Kaeske,
appellees=
attorney in this appeal, was not named as an attorney for the plaintiffs in the
Fifth Amended Petition.  Only Silber  Pearlman, L.L.P. was named as attorneys for
plaintiffs, and Marilyn Nix of that firm signed the pleading.  





[6] Texas
Rule of Civil Procedure 329b(c) provides that in the event a motion for new
trial is not determined by written order signed within seventy-five days after
the judgment is signed, it shall be considered overruled by operation of law on
expiration of that period.  See Tex. R. Civ. P. 329b(c).  





[7] The
discovery problem concerned a case styled Zapata, et al.  v. Owens-Corning, et al., Cause No.
99-6100E, in the 148th Judicial District, Nueces County, Texas.

 





[8] Rule
119 states as follows:  

 

The
defendant may accept service of process, or waive the issuance or service
thereof by a written memorandum signed by him, or by his duly authorized agent
or attorney, after suit is brought, sworn to before a proper officer other than
an attorney in the case, and filed among the papers of the cause, and such
waiver or acceptance shall have the same force and effect as if the citation
had been issued and served as provided by law. 
The party signing such memorandum shall be delivered a copy of plaintiff=s
petition, and the receipt of the same shall be acknowledged in such
memorandum.  In every divorce action such
memorandum shall also include the defendant=s
mailing address.

 

Tex. R. Civ. P. 119.

 





[9] Rule 11
reads as follows:  Unless otherwise
provided in these rules, no agreement between attorneys or parties touching any
suit pending will be enforced unless it be in writing, signed and filed with
the papers as part of the record, or unless it be made in open court and
entered of record.  Tex. R. Civ. P. 11.