Vasquez v. Vasquez
















NUMBER 13-03-00299-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

DIANA GONZALEZ VASQUEZ,                                                   Appellant,

v.

RAUL C. VASQUEZ,                                                                      Appellee.
                                                                                                                       

On appeal from the 357th District Court of Cameron County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Justice Hinojosa

          Appellee, Raul C. Vasquez (“Raul”), sued appellant, Diana Gonzalez Vasquez
(“Diana”), for divorce. The trial court granted a default divorce and awarded custody of the
couple’s daughter to Raul. In three issues, Diana contends the trial court’s default decree
cannot stand because defective service of process is apparent on the face of the record
and the trial court lacked subject matter jurisdiction to make an initial child custody
determination.


 We reverse and remand. 
A. Factual Background and Procedural History
          Diana and Raul were married in May 1989. Their only child, Cristal Vasquez
(“Cristal”), was born in September 1989. In October 2001, the couple ceased living
together as husband and wife, and Diana and Cristal moved from Texas to Iowa, where
they currently reside. Raul continued residing in Cameron County, Texas. In his petition
for divorce, Raul asked the court to appoint him joint managing conservator of Cristal with
the exclusive right to determine her primary residence. Raul attempted, several times, to
serve Diana with process by certified mail and non-resident notice. 
          On September 6, 2002, the trial court held a “final” hearing on the petition for
divorce. Raul was present at the hearing and represented by counsel. Diana was neither
present in person nor represented by counsel. The trial court granted a default divorce,
appointed Raul and Diana joint managing conservators of Cristal, and awarded Diana
primary care and control over the residence and education of Cristal. Raul was granted
visitation rights and ordered to pay Diana $155 per month for child support and to provide
Cristal with medical insurance. Raul objected to the trial court’s ruling and informed the
court that Diana had not been given notice of the hearing. The court refused to enter any
orders and reset the hearing for October 14, 2002, so that Diana could be notified of the
hearing. Raul sent notice of the hearing to Diana in Iowa, via certified mail, return receipt
requested. 
           At the October 14, 2002 hearing, Diana was again neither present in person nor
represented by counsel. The trial court granted a default decree of divorce, appointed
Raul and Diana joint managing conservators, and awarded Raul primary care and control
over the residence and education of Cristal. Diana was granted visitation rights and
ordered to pay child support in the amount of $155 per month. The trial court signed the
final default decree of divorce on November 14, 2002. The default decree of divorce
provides: “Respondent, DIANA G. VASQUEZ, although duly and properly cited, did not
appear and wholly made default.”
B. Restricted Appeal 
          Restricted appeals replace writ of error appeals to this Court. Tex. R. App. P. 30. 
The notice of appeal in a restricted appeal must be filed within six months after the
judgment is signed. Tex. R. App. P. 26.1(c). Statutes relating to writ of error appeals to the
courts of appeals apply equally to restricted appeals. Tex. R. App. P. 30.
          A party who did not participate – either in person or through counsel – in the hearing
that resulted in the judgment complained of and who did not timely file a postjudgment
motion or request for findings of fact and conclusions of law, or a notice of appeal within
the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by
Rule 26.1(c). Tex. R. App. P. 30.
          To successfully attack a default judgment by restricted appeal, the appellant must:
(1) file the restricted appeal within six months after the final judgment is signed; (2) be a
party to the lawsuit; (3) have not participated at trial; and (4) demonstrate error apparent
from the face of the record. Quaestor Invs., Inc. v. Chiapas, 997 S.W.2d 226, 227 (Tex.
1999); Carmona v. Bunzl Distrib., 76 S.W.3d 566, 568 (Tex. App.–Corpus Christi 2002, no
pet.). A restricted appeal is a direct attack on a judgment. Diles v. Henderson, 76 S.W.3d
807, 809 (Tex. App.–Corpus Christi 2002, no pet.). A restricted appeal affords an
appellant the same scope of review as an ordinary appeal, that is, a review of the entire
case. Id. (citing Norman Communications v. Tex. Eastman Co., 955 S.W.2d 269, 270
(Tex. 1997)). The only restriction on the scope of restricted appeal review is that the error
must appear on the face of the record. Norman Communications, 955 S.W.2d at 270. The
face of the record, for purposes of restricted appeal review, consists of all the papers on
file in the appeal. Id.
C. Analysis
          The record shows that Diana filed this restricted appeal within six months after the
trial court signed the default decree of divorce. The clerk’s record shows that Diana was
a party to the lawsuit, and the reporter’s record of the October 14, 2002 hearing shows that
Diana did not participate at the hearing. Accordingly, we conclude that Diana has satisfied
the first, second, and third requirements of her restricted appeal. See Quaestor, 997
S.W.2d at 227; Carmona, 76 S.W.3d at 568. We must now decide whether reversible error
is apparent from the face of the record.
          In her first issue, Diana contends the trial court’s default decree of divorce cannot
stand because defective service of process is apparent on the face of the record. Because
no trial court evidentiary fact-finding is necessary, a "defective service" complaint may be
raised for the first time on appeal. Carmona, 76 S.W.3d at 568. When we review a
restricted appeal, there are no presumptions of valid issuance, service, and return of
citation. Id. (citing Uvalde Country Club v. Martin Linen Supply Co., 690 S.W.2d 884, 885
(Tex. 1985)). Before a default judgment is properly rendered, the record must reflect that
the trial court has jurisdiction and that the case is ripe for judgment. Id. When determining
whether the case is ripe for judgment, the trial judge has a mandatory duty to determine
that the defendant was duly served with citation and has no answer on file. Id. Unless the
record affirmatively shows, at the time the default judgment is entered, either an
appearance by the defendant, proper service of citation on the defendant, or a written
memorandum of waiver, the trial court does not have jurisdiction to enter a default
judgment against the defendant. Id. The failure of the record to affirmatively show strict
compliance with the rules of civil procedure will render the attempted service of process
invalid and of no effect. Id. Virtually any deviation from the statutory requisites for service
of process will destroy a default judgment. Id. at 568-69.
          When a defendant is absent from, or is a nonresident of the state of Texas, the form
of notice of the suit “shall be the same as prescribed for citation to a resident defendant.” 
Tex. R. Civ. P. 108. When the citation is served by certified mail, the return by the officer
or authorized person must also contain the return receipt with the addressee’s signature. 
Id. “The return of service shall be . . . signed and sworn to by the party making such
service before some officer authorized by the laws of [Texas] to take affidavits, under the
hand and official seal of such officer.” Id.
          Raul attempted to serve Diana with process by certified mail, return receipt
requested; however, the return receipt was not signed by Diana. See id. Raul also
attempted to serve Diana with non-resident notice. The return of the non-resident notice
contains the signature of the officer and shows the time and place that service of process
was executed on Diana, but the return was not sworn to by the officer who made the
service. See id.
          Because the face of the record fails to show strict compliance with the requirements
of rule 108 of the rules of civil procedure relating to service of process, we conclude that
Diana has satisfied the fourth requirement of her restricted appeal.


 See id.; see also
Quaestor, 997 S.W.2d at 227; Carmona, 76 S.W.3d at 568. Accordingly, we hold that
service of process on Diana was invalid and of no effect. As a result, the default decree
of divorce is void. See Ackerly v. Ackerly, 13 S.W.3d 454, 458 (Tex. App.–Corpus Christi
2000, no pet.) Diana’s first issue is sustained.
          In light of our disposition of Diana’s first issue, it is unnecessary to address Diana’s
remaining issues. See Tex. R. App. P. 47.1.
          We reverse the trial court’s default decree of divorce and remand this case to the
trial court for further proceedings. 
 
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Memorandum Opinion delivered and filed this the
22nd day of July, 2004.