NUMBER 13-02-042-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
MOMENTUM MOTOR CARS, LTD., D/B/A
MOMENTUM BMW,                                                                      Appellant,
v.
DAVID E. WILLIAMS,                                                                     Appellee.



On appeal from the 61st District Court
of Harris County, Texas.




M E M O R A N D U M O P I N I O N

Before Chief Justice Valdez and Justices Castillo and Garza
 Opinion by Chief Justice Valdez
            This is a restricted appeal of a no-answer default judgment granted in favor of
appellee, David E. Williams, against appellant, Momentum Motor Cars, LTD. Appellant
contends the following four errors are apparent on the face of the record and require
reversal: (1) the return of service did not strictly comply with procedural rules, and thus, the
judgment is invalid; (2) the evidence was legally and factually insufficient to support the trial
court’s award of damages; (3) the evidence was legally and factually insufficient to support
the trial court’s award of attorneys’ fees; and (4) appellant was not correctly named as the
defendant-in-judgment prior to entry of the default judgment. We affirm in part and reverse
and remand in part.
I. Factual and Procedural Background
          Appellee sued appellant for an alleged violation of the Texas Deceptive Trade
Practices Act (DTPA). See Tex. Bus. & Com. Code Ann. § 17.50(a)(1)(A) (Vernon 2002). 
According to the petition, appellee purchased a used automobile from appellant. Appellant
knowingly misrepresented to appellee that the car had never been involved in an accident,
with full knowledge that it had. Appellee suffered numerous problems with the automobile
after the purchase and sought to recover unliquidated and additional damages.
          The clerk of the trial court issued a citation addressed to appellant “BY SERVING 
ITS REGISTERED AGENT, RICARDO WEITZ.” Ten days later, the citation with the return
of service was filed with the court. In the line for a description of the entity served, the
officer who served the citation wrote appellant’s name followed by “B/S Ricardo Weitz,
Registered Agent.”
          Appellant did not file an answer, and appellee filed a motion for a default judgment. 
After an evidentiary hearing, the trial court entered judgment for appellee, which included
$66,935.79 for unliquidated damages and $26,774.36 for attorneys’ fees. 
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite additional facts here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. Analysis
          A restricted appeal is a direct attack on a judgment, which affords an appellant the
same scope of review as an ordinary appeal, that is, a review of the entire case. Diles v.
Henderson, 76 S.W.3d 807, 809 (Tex. App.–Corpus Christi 2002, no pet.). To prevail on
its restricted appeal,


 appellant must establish that: (1) it filed notice of the restricted appeal
within six months after the judgment was signed; (2) it was a party to the underlying
lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained-of
and did not timely file any post-judgment motions or requests for findings of fact and
conclusions of law; and (4) error is apparent on the face of the record. See Tex. R. App.
P. 30; Alexander v. Lynda's Boutique, 134 S.W.3d 845, 848 (Tex. 2004); Carmona v. Bunzl
Distrib., 76 S.W.3d 566, 568 (Tex. App.–Corpus Christi 2002, no pet.). The face of the
record, for purposes of restricted appeal review, consists of all the papers on file in the
appeal. Norman Communications v. Tex. Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997)
(per curiam). 
           The record establishes, and appellee does not dispute, appellant satisfied the first
three requirements for a restricted appeal; thus, only the fourth requirement is at issue. 1. Return of Service
          Appellant asserts that the return of service fails to show, under a fair and reasonable
construction, that it was delivered as addressed to “Ricardo Weitz, Registered Agent
defendant, in person.”


 Appellant argues that independent proof, outside of the pleadings,
citation and return of service, is required to establish proper service citing NBS S., Inc. v.
Mail Box, Inc., 772 S.W.2d 470 (Tex. App.–Dallas 1989, writ denied).  
Strict Compliance
          In a restricted appeal, no presumptions of valid issuance, service and return of
citation exist. Carmona, 76 S.W.3d at 568 (citing Uvalde Country Club v. Martin Linen
Supply Co., 690 S.W.2d 884, 885 (Tex. 1985) (per curiam)). Before a default judgment
is properly rendered, the record must reflect that the trial court has jurisdiction and that the
case is ripe for judgment. Id. When determining whether the case is ripe for judgment, the
trial court has a mandatory duty to determine that the defendant was duly served with
citation and has no answer on file. Id. Unless the record affirmatively shows, at the time
the default judgment is entered, either (1) an appearance by the defendant, (2) proper
service of citation on the defendant, or (3) a written memorandum of waiver, the trial court
does not have jurisdiction to enter a default judgment against the defendant. Id. The
failure of the record to affirmatively show strict compliance with rules of civil procedure 106
and 107 will render the attempted service of process invalid and of no effect. Id. Rule 106,
in relevant part, provides that the citation shall be served by “delivering to the defendant,
in person, a true copy of the citation with the date of delivery endorsed thereon with a copy
of the petition attached thereto.” Tex. R. Civ. P. 106(a)(1). Rule 107, in relevant part,
provides:
The return of the officer or authorized person executing the citation shall be
endorsed on or attached to the same; it shall state when the citation was
served and the manner of service and be signed by the officer officially or by
the authorized person. The return of citation by an authorized person shall
be verified. . . . No default judgment shall be granted in any cause until the
citation, or process under Rules 108 or 108a, with proof of service as
provided by this rule or by Rules 108 or 108a, or as ordered by the court in
the event citation is executed under Rule 106, shall have been on file with
the clerk of the court ten days, exclusive of the day of filing and the day of
judgment.
  
Tex. R. Civ. P. 107.
          Strict compliance, however, does not require “obeisance to the minutest detail.” 
Ortez v. Avante Villa at Corpus Christi, Inc., 926 S.W.2d 608, 613 (Tex. App.–Corpus
Christ 1996, writ denied) (per curiam) (quoting Herbert v. Greater Gulf Coast Enters., 915
S.W.2d 866, 871 (Tex. App.–Houston [1st. Dist.] 1995, no writ)). As long as the citation
and return show, with reasonable certainty, that the citation was served on the defendant
in the suit, service of process will not be invalidated. Regalado v. State, 934 S.W.2d 852,
854 (Tex. App.–Corpus Christi 1996, no pet.).
          The Texas Supreme Court held “it [the return of service] has long been considered
prima facie evidence of the facts recited therein.” Primate Constr. v. Silver, 884 S.W.2d
151, 152 (Tex. 1994) (per curiam); Gatlin v. Dibrell, 11 S.W. 908, 909 (1889) ("The return
of the officer imports absolute verity, and was sufficient to authorize the rendition of
judgment upon default."). The recitations in the return of service carry so much weight that
they cannot be rebutted by the uncorroborated proof of the moving party. Pleasant Homes
v. Allied Bank of Dallas, 776 S.W.2d 153, 154 (Tex. 1989) (per curiam); Ward v. Nava, 488
S.W.2d 736, 738 (Tex. 1972). Appellant offered no proof to controvert the facts in the
return of service. Thus, appellant’s contention is without merit.



Fair, Reasonable and Natural Interpretation
          Appellant also questions the officer’s use of the symbol “B/S,” asserting it is “wholly
unknown to appellant as a commonly used term, as meaning ‘by serving.’” This Court
addressed a similar issue in Regalado. See Regalado, 934 S.W.2d at 852. In Regalado,
the appellant contended that the service of process was defective because she was not
personally served with the scire facias. Id. at 853. Specifically, she contended that the
hand-written notation "c/o Maria Regalado" on the return of the citation, when given a fair,
reasonable and natural construction, indicates that process was not served on her
personally. Id. In fact, both parties conceded that the validity of the appellant's point of
error, as well as the service of process in the case, was contingent upon the fair and
reasonable construction of the "c/o" symbol. Id. at 854. We held, “the only fair and
reasonable construction of the officer's return indicates that the executing officer left the
citation in the care of Maria Regalado; that is, in Maria Regalado's own hands.” Id. 
          Here, the citation was addressed to appellant “BY SERVING ITS REGISTERED
AGENT RICARDO WEITZ.” (Emphasis added). Reading the return of service in
conjunction with the citation, we conclude the only fair and reasonable construction of the
“B/S” in front of Weitz’s name is “by serving.” See id. (construing “c/o” in light of language
in citation). The abbreviation “B/S” appears to have been used because of the lack of
space on the form.
           We conclude that the return and citation, giving both a fair, reasonable and natural
interpretation, show with reasonable certainty that the citation was personally served on
appellant by serving Ricardo Weitz, its registered agent. Accordingly, we overrule
appellant’s first point of error. 
2. Unliquidated Damages
          Appellant contends the evidence is legally and factually insufficient to support the
trial court’s damages award.


 Specifically, appellant contends appellee provided no
evidence for benefit-of-the-bargain damages.


 Appellant asserts appellee’s testimony at
the hearing was not evidence of the market value of the automobile because: (1) appellee
was never qualified to testify as to market value; (2) his testimony referred to the value of
the car to him; (3) he testified about the value of the car at the time of the hearing, not at
the time of sale; and (4) his estimate was speculative. Appellant also contends appellee
did not establish the extent of appellant’s “knowingness” to justify treble damages.
Standard of Review
          In a default judgment, the defendant's failure to answer operates as an admission
of all of the material facts alleged in the plaintiff's petition, except for unliquidated damages. 
Holt Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 83 (Tex. 1992); Morgan v.
Compugraphic Corp., 675 S.W.2d 729, 731 (Tex. 1984). When a specific attack is made
on the legal or factual sufficiency of the evidence to support the trial court's determination
of damages in a default judgment, the appellant is entitled to a review of the evidence
produced. Rogers v. Rogers, 561 S.W.2d 172, 173-74 (Tex. 1978). In reviewing a legal
insufficiency claim, we consider all the evidence in the light most favorable to the prevailing
party, indulging every reasonable inference in that party's favor. Associated Indem. Co.
v. CAT Contracting, Inc., 964 S.W.2d 276, 285-86 (Tex. 1998). If there is any evidence
of probative force to support the finding, the point must be overruled and the finding
upheld. Sherman v. First Nat'l Bank, 760 S.W.2d 240, 242 (Tex. 1988). In reviewing a
factual sufficiency challenge, we examine all the evidence and set aside the judgment only
if it is so against the great weight and preponderance of the evidence as to be manifestly
unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam).
DTPA
          Under the DTPA, a consumer can recover "the amount of actual damages" caused
by the defendant's false, misleading, or deceptive conduct. Tex. Bus. & Com. Code Ann.
§ 17.50(b)(1) (Vernon 2002). The amount of actual damages recoverable is "the total loss
sustained as a result of the deceptive trade practice." Kish v. Van Note, 692 S.W.2d 463,
466 (Tex. 1985) (citing Smith v. Baldwin, 611 S.W.2d 611, 617 (Tex. 1980)). Actual
damages are those damages recoverable under common law. Brown v. Am. Transfer &
Storage Co., 601 S.W.2d 931, 939 (Tex. 1980). 
          The common law affords two measures of damages for fraudulent
misrepresentation: (1) the out-of-pocket measure, which is the difference between the
value of that which was parted with and the value of that which was received, and (2) the
benefit-of-the-bargain measure, which is the difference between the value represented and
the value actually received. Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors,
Inc., 960 S.W.2d 41, 49 (Tex. 1998). A plaintiff may recover either the out-of-pocket or the
benefit-of-the-bargain damages, whichever is greater. Arthur Andersen & Co. v. Perry
Equip. Corp., 945 S.W.2d 812, 817 (Tex. 1997). A consumer may recover three times the
economic damages if the trier of fact finds the defendant acted knowingly. Tex. Bus. &
Com. Code Ann. § 17.50(b)(1) (Vernon 2002).
Value of the Car under Benefit-of-the-Bargain Measure 
          The benefit-of-the-bargain measure, which is the difference between the value
represented and the value actually received, requires proof of the value as represented
and as actually received. Formosa Plastics Corp. USA, 960 S.W.2d at 49. Proof of market
value at the time of trial is “no evidence” of value at the time of acceptance or sale. Town
E. Ford Sales, Inc. v. Gray, 730 S.W.2d 796, 802-03 (Tex. App.–Dallas 1987, no writ);
Vista Chevrolet, Inc. v. Lewis, 704 S.W.2d 363, 371 (Tex. App.–Corpus Christi 1985), aff'd
in part, rev'd in part, 709 S.W.2d 176 (Tex. 1986). 
          The qualifications of a witness to testify on the question of value is to be determined
primarily by the trial court, and the ruling of the trial court will not be disturbed on appeal
unless it is so clearly wrong as to show an abuse of discretion. Slack v. Magee Heirs, 252
S.W.2d 274 (Tex. Civ. App.–Galveston 1952), aff'd, 258 S.W.2d 797 (Tex. 1953). In order
for a property owner to qualify as a witness to the damages to his property, his testimony
must show that it refers to market, rather than intrinsic or some other value of the property. 
Porras v. Craig, 675 S.W.2d 503, 504-05 (Tex. 1984) (per curiam). This requirement is
usually met by asking the witness if he is familiar with the market value of his property. Id.
at 505. However, sale or contract price constitutes some evidence of market value and is
sufficient to support a represented value. Jack Roach Ford v. De Urdanavia, 659 S.W.2d
725, 728 (Tex. App.–Houston [14th Dist.] 1983, no pet.).
          The record reflects appellant asserted entitlement to benefit-of-the-bargain
damages. At the evidentiary hearing, appellee testified he paid $27,311.98 cash for the
car. As for value as received, appellee testified as follows:
Q.       Now, if you – what’s the value of this car to you right now, knowing
that Momentum told you that you can’t drive the car, number one;
number two, that it has problems with the engine compartment, that
it had been in an accident? What’s the value of that car worth?
 
A.       To me, probably about $5,000.
 
Q.       Would you have to – if you were to sell that car, would you tell the
potential buyer of all those problems that you were having with the
car?
 
A.     Yes, I would.
 
Q.       Why would you do that?
 
A.       Well, I’m honest.
 
Q.       So, you feel that you could sell that car for about $5,000?
 
A.       Probably, given the problems. 

          Although appellee testified he could sell the automobile for $5,000, he did not testify
about the value of the automobile at the time of acceptance or sale. His testimony
provides the value of the automobile at the time of his testimony. Further, he never
testified that he was aware of the market value of the automobile; his testimony on the
value of the automobile was speculative. We agree with appellant that appellee’s
testimony was legally insufficient to establish damages under the benefit-of-the-bargain
measure. We sustain appellant’s second point of error. 
          When damages are not supported by legally sufficient evidence, the usual
disposition by an appellate court is to reverse and render judgment; however, when an
appellate court sustains a “no evidence” point after an uncontested hearing on unliquidated
damages following a no-answer default judgment, the appropriate disposition is a remand
for a new trial on the issue of unliquidated damages. Holt Atherton Indus., Inc. v. Heine,
835 S.W.2d 80, 86 (Tex. 1992). Accordingly, we remand this issue to the trial court for
further determination of unliquidated damages.
Additional Damages
          Damages on remand should not mechanically be trebled solely because, by
defaulting, a defendant admits to committing a violation of the DTPA knowingly. See
Fleming Mfg. Co. v. Capitol Brick, Inc., 734 S.W.2d 405, 409 (Tex. App.–Austin1987, writ
ref’d n.r.e.). DTPA additional damages are punitive in nature, and the trial court tailors the
amount of additional damages based on the defendant's conduct. Id. Since the award of
additional damages is discretionary, they are by nature unliquidated. Id.; First Nat'l Bank
v. Shockley, 663 S.W.2d 685, 690-91 (Tex. App.–Corpus Christi 1983, no writ). 
          As a consequence, even though appellant admits to having knowingly made a
fraudulent misrepresentation to appellee, appellee must still show that the extent of
appellant’s knowledge warrants imposing additional damages under the DTPA.


 See Tex.
Bus. & Com. Code Ann. § 17.50(b)(1) (Vernon 2002); Fleming Mfg. Co., 734 S.W.2d at
409. Appellee presented no evidence of the extent of appellant’s knowledge during the
hearing. We agree with appellant that appellee must show the extent of appellant’s
knowledge to be entitled to additional damages. Thus, on remand, the trial court’s
determination of unliquidated damages should include a determination of whether
appellant’s actions merit additional damages.
3. Attorneys’ Fees
Analysis
          In its third point of error, appellant asserts that the evidence was legally and factually
insufficient to support the trial court’s award of attorneys’ fees. Under the DTPA, attorneys’
fees are awarded to the consumer only if he prevails. Tex. Bus. & Com. Code Ann.
§ 17.50(d)(1) (Vernon 2002). Our finding of “no evidence” of actual damages renders this
point of error moot. 4. Defendant-in-Judgment
Analysis
          In his final point of error, appellant asserts it was not correctly named as the
defendant-in-judgment in Plaintiff’s First Amended Petition, and thus, the trial court’s
judgment is invalid. Specifically, appellant asserts “it was not until the filing of Appellee’s
motion for default judgment that the name Momentum Motor Cars, Ltd., d/b/a Momentum
BMW first surfaced.” However, the caption of both Plaintiff’s First Amended Petition and
the default judgment is exactly the same, naming Momentum Motor Cars, Ltd., d/b/a
Momentum BMW as defendant.


 Thus, we find no error. Accordingly, we overrule
appellant’s fourth point of error.
III. Conclusion 
          We affirm the trial court’s decision regarding service of process, but we conclude
the trial court committed reversible error by awarding actual and additional damages
without sufficient evidence. Accordingly, we reverse and remand the judgment of the trial
court for further consideration of damages and, if necessary, additional damages.  
              
    
 


                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

 

 

Memorandum Opinion delivered and filed
this 10th day of November, 2004.