STATE of Tennessee, Appellee,

v.

Jerry Whiteside DICKERSON, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

Sept. 20, 1993.

Permission to Appeal Denied by Supreme Court Nov. 29, 1993.

L. Jeffrey Hagood, Knoxville, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Merrilyn Feirman, Asst. Atty. Gen., Nashville, William E. Dossett, Dist. Atty. Gen., Mike Nassios and Robert L. Jolley, Jr., Asst. Dist. Attys. Gen., Knoxville, for appellee.

## OPINION

SUMMERS, Judge.

The appellant, Jerry Whiteside Dickerson, presents an appeal as of right from a judgment entered in the Knox County Criminal Court approving a jury verdict finding him guilty of first-degree murder and especially aggravated robbery. The appellant received life imprisonment for the first-degree murder with a concurrent sentence of fifteen years for the especially aggravated robbery. On appeal, he presents the following issues for our review:

    I. Whether the state's questioning of its witness regarding Cynthia Bell's out-of-court statement to that witness deprived the appellant of his constitutional right to confront his accuser.

    II. Whether the state's use of the appellant's statement to psychiatric staff members violated the psychiatric/patient privilege and the rules regarding discovery.

    III. Whether the trial court erred in allowing the state to show photographs of the victim to the jury.

    IV. Whether the trial court erred in allowing the state to question the appellant concerning firearms and automobiles.

On August 31, 1990, Michael White, the victim, was found dead in his house. Police found fingerprints at the scene which led to the apprehension of John Tory. Under questioning, Tory implicated the appellant and two other individuals in the robbery and murder. The police later questioned the appellant, who admitted to participating in the crimes. At trial, the appellant argued that he was forced into the crimes by John Tory.

## I.

In his first issue, the appellant contends that the trial court erred in allowing the state to question its witness, Detective Michael Cheaves, concerning a statement made to him by Cynthia Bell, an alleged accomplice in the robbery and murder of the victim.

During cross-examination, Detective Cheaves testified that Bell stated that she had been threatened with a pistol by John Tory. The purpose of this questioning was to imply that appellant had been forced or coerced into participating in the murder and robbery. The trial court admitted the testimony over objection of the state which argued that the statement constituted hearsay. On redirect examination, the state focused on a different portion of Ms. Bell's statement to rebut the implication. Detective Cheaves testified that Bell told him that the appellant had expressed a desire to return to the murder scene. Again, the trial judge overruled hearsay objections and admitted the evidence.

The appellant argues that Bell's entire statement consists of hearsay and should have been ruled inadmissible. While we agree that the statement constituted hearsay, we find that the appellant invited the testimony about which he complains. He cannot benefit on appeal from his own errors. In any event, given the amount of evidence presented against appellant at trial, we find any error to be harmless. *State v. Brothers,* 828 S.W.2d 414, 416 (Tenn.Crim.App.1991); T.R.A.P. 36(b); Tenn.R.Crim.P. 52(a).

## II.

In his next issue, the appellant contends that the trial court erred in allowing the state to use his statements to the psychiatric staff at the Helen Ross McNabb Center. Specifically, he argues that the state's use of these statements violated: (1) the psychiatrist/patient privilege codified in T.C.A. § 24-1-207; and (2) the Tennessee

Rules of Criminal Procedure regarding discovery.

Prior to trial, defense counsel requested that appellant be evaluated by the Helen Ross McNabb Center regarding his competency to stand trial and his mental status at the time of the commission of the offenses. The court ordered the exam, and appellant was found to be competent. At some point during trial, the state subpoenaed the records of the appellant at the Center. These records were then used for impeachment purposes by the state when the appellant took the stand.

■ We find that appellant has waived the issue regarding psychiatrist/patient privilege. During trial, the appellant objected to the use of his statements to psychiatric staff members at the Center, but failed to give a reason for his objection. At the motion for new trial, defense counsel argued that it was error in allowing the state to cross-examine the appellant using these statements because the state failed to comply with discovery procedures. Appellant made no mention of the psychiatric/patient privilege. T.C.A. § 24-1-207. It is well-established in Tennessee that when a defendant fails to properly raise an issue in his motion for new trial, that issue is considered waived on appeal. *State v. Baker*, 785 S.W.2d 132, 135 (Tenn.Crim. App.1989).

■ The appellant also argues that the state's possession of his statements without disclosure constituted a violation of Rule 16 of the Tennessee Rules of Criminal Procedure.

During the motion for new trial, the assistant district attorney stated that when he realized that the appellant might testify, he subpoenaed the whole record from the Center, which, in turn, faxed the defense a copy to their office. He stated that he did not request a copy for the defense because the information was obviously open to both sides.

Rule 16 of the Tennessee Rules of Criminal Procedure provides in part:

Upon request of a defendant the state shall permit the defendant to inspect and copy or · photograph: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the state, the existence of which is known, or by the exercise of due diligence may become known, to the district attorney general. . . .

Tenn.R.Crim.P. 16(a)(1)(A).

We find no error in this situation. The state is not obliged to furnish the appellant with information, evidence, or material which is available or accessible to him or which he could obtain by exercising reasonable diligence. This issue is without merit.

### III.

In his next issue, the appellant contends that the trial court erred in allowing the state to show photographs of the victim to the jury.

■ In determining the admissibility of photographs, the court must first determine that the evidence is relevant to the issues at trial and then decide whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *State v. Banks*, 564 S.W.2d 947, 951 (Tenn. 1978); Tenn.R.Evid. 402, 403. . The admissibility of photographs falls within the sound discretion of the trial court whose ruling will not be overturned except upon a clear showing of an abuse of discretion. *State v. Banks*, 564 S.W.2d at 949.

■ The photographs in the instant case were relevant to show the position of the shell casings in relation to the victim's body. Additionally, they indicated that the victim was shot twice. Neither of the photographs in question are particularly gruesome or horrific. As such, we agree with the trial court that the probative value of this evidence outweighed its prejudicial effect. The photographs were properly admitted into evidence.

### IV.

In his final issue, the appellant contends that the trial court erred in allowing the state to question him regarding firearms, his livelihood, and his ownership of automobiles. He argues that the state's questioning on these matters was wholly irrelevant and unfairly prejudiced his case.

■ We find that the appellant has waived this issue by failing to cite any authority in support of his argument. Rule 27(a)(7) of the Tennessee Rules of Appellate Procedure requires a defendant to present citations to the authorities he relies on for his arguments in his brief. When a defendant fails to cite any authority in support his position the issue is waived. *State v. Chance,* 778 S.W.2d 457, 462 (Tenn.Crim.App.1989); *State v. Killebrew,* 760 S.W.2d 228, 231 (Tenn.Crim.App. 1988).

Notwithstanding waiver, we find the state's questioning of the appellant to have been relevant and proper. This issue is without merit.

### CONCLUSION

The judgment of the trial court is affirmed in all respects.

PEAY, J., and JOHN K. BYERS, Senior Judge, concur.