IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 20, 2000 Session

## STATE OF TENNESSEE v. KENNETH RAY JARMAN

**Appeal as of Right from the Criminal Court for Montgomery County**
**No. 40524     John H. Gasaway, III, Judge**

---

### No. M1999-01382-CCA-R3-CD - Filed November 17, 2000

---

The appellant, Kenneth Ray Jarman, pled guilty in the Montgomery County Criminal Court to one count of driving under the influence (hereinafter "DUI"), fourth offense or over, a class E felony; one count of driving on a revoked license, sixth offense, a class A misdemeanor; and one count of violating the open container law, a class C misdemeanor. The trial court sentenced the appellant to two years incarceration in the Tennessee Department of Correction for the DUI conviction, and imposed a $3000 fine. The trial court also sentenced the appellant to eleven months and twenty-nine days incarceration in the Montgomery County Jail for the driving on a revoked license conviction, and imposed a $350 fine. The trial court further sentenced the appellant to thirty days incarceration in the Montgomery County Jail for the violation of the open container law. Additionally, the trial court ordered the appellant's sentences to be served concurrently. The appellant raises the following issues for review: (1) whether the enhancing factors applied by the trial court were inapplicable to this case; and (2) whether the trial court erred in sentencing the appellant to serve the full term of his two-year sentence in the Tennessee Department of Correction. Upon review of the record and the parties' briefs, we affirm in part and modify the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed as modified.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES, and JOE G. RILEY, JJ., joined.

Collier W. Goodlett, Clarksville, Tennessee, for the appellant, Kenneth Ray Jarman.

Paul G. Summers, Attorney General and Reporter, Elizabeth T. Ryan, Assistant Attorney General, and Daniel Brollier, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I. Factual Background

On September 6, 1998, Officer John Smith observed the appellant driving erratically on Highway 48/13 in Montgomery County. The appellant's vehicle repeatedly crossed both the double yellow line and the white line. Officer Smith attempted to stop the appellant, but the appellant continued to proceed west, weaving and crossing the center line. After the appellant finally stopped his vehicle, Officer Smith approached him and noticed the appellant's bloodshot eyes and a strong smell of alcohol about the appellant's person. The appellant moved unsteadily, slurred his speech, and only slowly followed Officer Smith's verbal commands. Moreover, the appellant failed the field sobriety tests administered by Officer Smith. Officer Smith arrested the appellant for driving under the influence, and later discovered an open can of beer in the floorboard of the appellant's vehicle. Furthermore, the appellant's driver's license was in revoked status at the time of the incident.

Subsequently, the appellant pled guilty in the Montgomery County Criminal Court to one count of driving under the influence (hereinafter "DUI"), fourth offense or over, a class E felony; one count of driving on a revoked license, sixth offense, a class A misdemeanor; and one count of violating the open container law, a class C misdemeanor.[1] The trial court sentenced the appellant to two years incarceration in the Tennessee Department of Correction for the DUI conviction, and imposed a $3000 fine. The trial court also sentenced the appellant to eleven months and twenty-nine days incarceration in the Montgomery County Jail for the driving on a revoked license conviction, and imposed a $350 fine. The trial court further sentenced the appellant to thirty days incarceration in the Montgomery County Jail for the violation of the open container law. Additionally, the trial court ordered the appellant's sentences to be served concurrently. The appellant raises the following issues for review: (1) whether the enhancing factors applied by the trial court were inapplicable to this case; and (2) whether the trial court erred in sentencing the appellant to serve the full term of his two-year sentence in the Tennessee Department of Correction.

## II. Analysis

Appellate review of the manner of service of a sentence is de novo. Tenn. Code Ann. § 40-35-401(d) (1997); see also State v. Dowdy, 894 S.W.2d 301, 304 (Tenn. Crim. App. 1994). This court considers the following factors in conducting its de novo review: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the defendant in his own behalf; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102,-103,-210 (1997). See also State v. Fletcher, 805 S.W.2d 785, 786 (Tenn. Crim. App. 1991). Additionally, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. Tenn. Code Ann. §

---

[1] We note that the judgment incorrectly states that the appellant pled guilty to DUI, *third* offense or over. However, the judgment clearly shows that the appellant pled guilty to a felony, which would be DUI, *fourth* offense or over. See Tenn. Code Ann. § 55-10-403(a)(1)(1997). Additionally, the trial judge makes reference to the appellant pleading guilty to DUI, fourth offense or over.

40-35-401(d); State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). Accordingly, the burden is on the appellant to demonstrate the impropriety of his sentence(s). Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

## A. Improper Enhancement Factors

The appellant alleges that the enhancement factors applied by the trial court were inapplicable in this case. However, in his brief, the appellant failed to make any argument or cite to any authority in support of his contention. Therefore, the appellant waives this issue. Tenn. R. App. P. 27(a)(7), Tenn. R. Ct. Crim. App. 10 (b); see also State v. Dickerson, 885 S.W.2d 90, 93 (Tenn. Crim. App. 1993).

Regardless of the waiver, the record reveals that the trial court correctly applied two enhancement factors to the appellant: (1) the appellant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, and (8) the appellant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. Tenn. Code Ann. § 40-35-114(1997). The record reveals that the appellant has been arrested fifty-seven times, resulting in twenty misdemeanor convictions and one felony conviction. Therefore, the trial court properly applied enhancement factor (1) to the appellant. Additionally, the appellant admitted at the sentencing hearing that he has previously violated probation. Accordingly, the trial court correctly applied enhancement factor (8) to the appellant. This issue is without merit.

## B. Alternative Sentences

The appellant also argues that the trial court erred by denying him alternative sentencing and instead ordering him to serve his entire sentence in the Tennessee Department of Correction. Initially we note that although the trial court has discretion in determining the weight to afford each enhancement and mitigating factor, "the trial court must preserve in the record the factors it found to apply and the specific findings of fact upon which it applied the sentencing principles to arrive at the sentence." State v. Anderson, 985 S.W.2d 9, 19 (Tenn. Crim. App. 1997). In the instant case, the trial court stated that it considered the sentencing principles contained in Tenn. Code Ann. § 40-35-103 in determining that the appellant is ineligible for alternative sentencing. However, the trial court did not specifically say how the sentencing principles apply to this appellant. Accordingly, we are unable to determine if the trial court correctly applied the sentencing principles. See Ashby, 823 S.W.2d at 168. Therefore, we do not afford the trial court's conclusion with a presumption of correctness. Nevertheless, we affirm the judgment of the trial court.

To determine if the appellant is eligible for an alternative sentence, we must first establish if the appellant is entitled to the statutory presumption that he is a favorable candidate for alternative sentencing. State v. Jernigan, 929 S.W.2d 391, 395 (Tenn. Crim. App. at 1996). Tenn. Code Ann. § 40-35-102(1997) provides the guidelines for which offenders are to be presumed favorable candidates for alternative sentences:

(5) In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morale of society, and evincing a failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration; and

(6) A defendant who does not fall within the parameters of subdivision (5) and is an especially mitigated or standard offender convicted of a class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary.

See also State v. Bonestel, 871 S.W.2d 163, 167 (Tenn. Crim. App. 1993), overruled on other grounds by State v. Hooper, No. M1997-00031-SC-R11-CD, 2000 WL 1357520, at *6 (Tenn. Crim. App. at Nashville, September 21, 2000). Accordingly, although alternatives to incarceration are encouraged for standard or mitigated offenders who have committed C, D, or E felonies, there is also an intent to incarcerate those offenders "whose criminal histories indicate a clear disregard for the laws and morals of society and a failure of past efforts to rehabilitate." State v. Chrisman, 885 S.W.2d 834, 840 (Tenn. Crim. App. 1994).

In this case, the appellant was convicted, as a Range I standard offender, of an E felony. Therefore, he meets the first two criteria for a presumption of alternative sentencing. However, because of the appellant's extensive criminal history, he clearly falls within the parameters of Tenn. Code Ann. § 40-35-102(5). Accordingly, he is not entitled to the presumption of being a favorable candidate for alternative sentencing. See State v. Duff, No. 02C01-9307-CR-00152, 1995 WL 390951, at *4 (Tenn. Crim. App. at Jackson, June 28, 1995); State v. Christian, No. 01C01-9708-CC-0035, 1998 WL 531850, at *2 (Tenn. Crim. App. at Nashville, August 25,1998).

Regardless, even if the appellant could be presumed to be a favorable candidate for alternative sentencing, this court has observed that "[t]he presumption can be successfully rebutted by facts contained in the presentence report, evidence presented by the State, the testimony of the accused or a defense witness, or any other source provided it is made a part of the record." Bonestel, 871 S.W.2d at 167. Specifically, the following sentencing principles can constitute "evidence to the contrary" to rebut the presumption in favor of alternative sentencing:

(A) Confinement is necessary to protect society by restraining an [appellant] who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the [appellant].

Tenn. Code Ann. § 40-35-103(1)(1997); see also Ashby, 823 S.W.2d at 169; State v. Bingham, 910 S.W.2d 448, 454 (Tenn. Crim. App. 1995), overruled on other grounds by State v. Hooper, No. M1997-00031-SC-R11-CD, 2000 WL 1357520, at *6 (Tenn. Crim. App. at Nashville, September 21, 2000).

As we stated earlier, the presentence report reveals that the appellant has been arrested fifty-seven times, and has been convicted of twenty misdemeanors and one felony. This indicates a long history of criminal conduct. See Fletcher, 805 S.W.2d at 787; State v. Holt, No. 02C01-9809-CC-00272, 1999 WL 148087, at *3 (Tenn. Crim. App. at Jackson, March 19, 1999). Moreover, the appellant has received suspended sentences in the past and has nevertheless continued to violate the law, suggesting that measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the appellant. See State v. Lilly, No. 03C01-9505-CR-00143, 1996 WL 87441, at *4 (Tenn. Crim. App. at Knoxville, March 1, 1996); State v. Sweat, No. 03C01-9708-CC-0348, 1998 WL 707797, at *3 (Tenn. Crim. App. at Knoxville, October 12, 1998). This constitutes sufficient "evidence to the contrary" to deny the appellant an alternative sentence. See State v. Davis, No. 03C01-9710-CR-00433, 1998 WL 743649, at *2 (Tenn. Crim. App. at Knoxville, October 15, 1998), perm. app. denied (Tenn. 1999).

Although the appellant did not raise the issue in his brief, we note the trial court incorrectly sentenced the appellant to thirty days incarceration in the Montgomery County Jail for violating the open container law. Tenn. Code Ann. § 55-10-416(b)(1)(1997) states that "[a] violation of this section is a class C misdemeanor, punishable by fine only." Therefore, the trial court had no authority to sentence the appellant to incarceration for a violation of the open container law. Accordingly, we vacate the appellant's sentence of incarceration for the violation of Tenn. Code Ann. § 55-10-416(a)(1). State v. Young, No. M1998-00402-CCA-R3-CD, 1999 WL 117954, at *9 (Tenn. Crim. App. at Nashville, December 15, 1999), perm. app. denied (Tenn. 2000).

## III. Conclusion

Based upon the foregoing, we affirm the trial court's denial of alternative sentencing, but we vacate the appellant's sentence of incarceration for the violation of the open container law.

_____
NORMA McGEE OGLE, JUDGE

-5-