IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 18, 2011

## RICKY LYNN HILL v. TENNESSEE DEPARTMENT OF CORRECTIONS

**Appeal from the Chancery Court for Davidson County**
**No. 101180IV    Russell T. Perkins, Chancellor**

_____

**No. M2010-02045-COA-R3-CV - Filed July 5, 2011**

_____

Inmate appeals the grant of summary judgment to the Tennessee Department of Corrections in declaratory judgment action wherein inmate sought to be given credit on his sentence for work performed while housed in county jail. Finding no error, we affirm the judgment of the Chancery Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Ricky Lynn Hill, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter, and Kellena Baker, Assistant Attorney General, for the appellee, Tennessee Department of Corrections.

**MEMORANDUM OPINION**[1]

## I. Factual and Procedural History

Ricky Lynn Hill, an inmate of the Tennessee Department of Corrections ("TDOC"), filed a petition for a declaratory order with TDOC pursuant to Tenn. Code Ann. § 4-5-223,

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

seeking to have his sentence recalculated to give credit for work performed as a member of the road crew in McNairy County, where he was housed for 286 days pending his trial. TDOC denied the petition and Mr. Hill subsequently filed a declaratory judgment action in McNairy County Chancery Court on July 23, 2010, seeking court review of TDOC's denial of his petition. The case was subsequently transferred to Davidson County Chancery Court.

TDOC filed a motion for summary judgment, supported by the affidavit of Candace Whisman, Director of Sentence Management Services of TDOC, and a statement of material facts. Mr. Hill, who had filed a motion for summary judgment while the case had been pending in McNairy County, filed an opposition to TDOC's motion, relying on the materials previously filed, as well as a response to TDOC's statement of material facts and a statement of material facts supporting his motion. The trial court granted TDOC's motion.

Mr. Hill appeals, stating the following issues:

1. Whether or not the appellant should receive the 2 for 1 credit, compensation, for work performed on the road crew pursuant to T.C.A. 41-2-123, T.C.A. 41-21-236 (7)(d)?
2. Whether or not the Thirteenth Amendment to the U.S. Constitution and Article 1, Secs. 33 and 34 of the Tennessee Constitution were violated?
3. Whether or not Article 1, Sec. 21 of the Tennessee Constitution allows for the appellant to be compensated for the work performed while working on the road crew pretrial?

## II. Discussion

Summary judgment is appropriate if no genuine issues of material fact exist, and the movant meets its burden of proving that it is entitled to a judgment as a matter of law. *See* Tenn. R. Civ. P. 56.03; *Martin v. Norfolk Southern Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008). In this regard, Mr. Hill does not contend that there is a factual issue which precludes summary judgment; rather he contends that the trial court erred in its application of statutes governing computation of sentence credits. Consequently, we review the record *de novo* with no presumption of correctness. *See* Tenn. R. App. P. 13(d); *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997).

Ms. Whisman's affidavit states, in pertinent part, the following:

3. Mr. Hill was convicted August 18, 2008 in Chester County Case #07444 ct. 1, ct. 4, ct. 5, and ct. 6. He received a two year sentence in count 1, a two year sentence in count 4, a three year sentence in count 6, and a misdemeanor

sentence of 11 months 29 days in ct. 5. The sentences were ordered to be served consecutively for a total sentence of seven years and 11 months 29 days suspended to probation. The sentence was awarded pretrial jail credit for the dates of June 1, 2007 through August 17, 2008 for a total of 444 days. A total of 112 days of pretrial behavior credits were also awarded in accordance with Tenn. Code Ann. § 41-21-236(e)(1).

* * *

7. Mr. Hill was eligible to begin earning Prisoner Sentence Reduction Credit (PSRC) in accordance with Tenn. Code Ann. § 41-21-236 after he received a commitment to the Department of Correction. Offenders that are held in a county jail after sentencing waiting for transfer to TDOC are allowed to receive work credits, if applicable, in accordance with Tenn. Code Ann. § 41-2-123. Mr. Hill was not eligible to begin earning PSRC or work credits until after the revocation date of February 6, 2009, at which time his sentence to TDOC was put into effect. Mr. Hill was admitted to the custody of TDOC on March 26, 2009. He has earned a total of 210 days of PSRC from March 2009 through May 2010. The Chester County Sheriff's office did not advise if Mr. Hill had earned work credits from February 6, 2009, up to March 26, 2009, the date he was admitted to TDOC.

8. Mr. Hill is serving a total sentence of five years. A commitment detainer is in place for his return to the county to serve the misdemeanor sentence in count 5. This sentence calculation includes pretrial jail credit and credit for time served for the dates of June 1, 2007, through August 17, 2008, and February 6, 2009, up to date. It does not include 171 days for time spent on probation from August 19, 2008, through February 5, 2009. This sentence has been reduced by 112 days of pretrial behavior credit and 210 days of PSRC earned in accordance with Tenn. Code Ann. § 41-21-236. Current overall expiration date is January 1, 2012, and the calculation for this date is as follows.

| | |
|---|---|
| Sentence Imposed Date | 8-18-2008 |
| minus pretrial jail credit | - 444 days |
| equals Sentence Effective Date | 6-1-2007 |
| plus five years | +    5 yrs |
| equals | 6-1-2012 |
| minus pretrial behavior credit | - 112 days |
| equals | 2-10-2012 |

-3-

| | |
|---|---|
| plus street time | + 171 days |
| equals | 7-30-2012 |
| minus sentence reduction credit earned | - 210 days |
| equals overall Expiration Date | 1-1-2012 |

In addition, the Statement of Material Facts filed in support of TDOC's motion states:

4. The sentence was awarded pretrial jail credit for the dates of June 1, 2007, through August 17, 2008, for a period of 444 days. [Citing Ms. Whisman's affidavit]

5. A total of 112 days of pretrial behavior credits were also awarded in accordance with Tenn. Code Ann. § 41-21-236(e)(1). (*Id.*)

* * *

10. Petitioner was eligible to begin earning Prisoner Sentence Reduction Credit (PSRC) in accordance with Tenn. Code Ann. § 41-21-236 after he received a commitment to the Department of Correction. (*Id.* at 7)

11. Offenders that are held in a county jail after sentencing waiting to transfer to TDOC are allowed to receive work credits, if applicable, in accordance with Tenn. Code Ann. § 41-2-123. (*Id.*)

12. Petitioner was not eligible to begin earning PSRC or work credits until after the revocation date of February 6, 2009, at which time his sentence to TDOC was put into effect. (*Id.*)

13. Petitioner was admitted to the custody of TDOC on March 26, 2009. (*Id.*)

14. He has earned a total of 210 days of PSRC from March 2009 through May 2010 [sic]. (*Id.*)

Mr. Hill filed a response to the Statement of Material Facts in which he disputed, in salient part, the calculations of his sentence which excluded time from the effective date of his sentence June 1, 2007. In his response he stated that "[a]ll sentencing calculations are correct, except for the 174 days of additional time earned in the McNairy County jail on docket 07.444, and the newly noted 44 days between December [] 2008 and February 6, 2010."

As set forth in both the affidavit of Ms. Whisman and TDOC's statement of material facts, Mr. Hill was not eligible to earn the credits he seeks until he was committed to TDOC, which occurred following the parole revocation date of February 6, 2009. The 286 days for which he seeks credits were from November 6, 2007 to August 18, 2008, during which time he was in the custody of the Chester County Sheriff, housed in the McNairy County jail. He was not eligible for the additional credits he seeks.

Although Mr. Hill raises constitutional issues, his brief fails to comply with Tenn. R. App. P. 27(a)(6) and (7), in that it does not set forth the facts relevant to the constitutional issues raised, with appropriate citations to the record, or an argument as to the manner in which the constitutional provisions are implicated in this appeal. Consequently, those contentions have been waived. *See Lykins v. Key Bank USA, NA*, No. E2005-01572-COA-R3-CV, 2006 WL 2482963, at *4-5 (Tenn. Ct. App. Aug. 29, 2006) (citing *State v. Schaller*, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997); *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 210 (Tenn. Ct. App. 1994); *State v. Dickerson*, 885 S.W.2d 90, 93 (Tenn. Crim. 1993)).

## III. Conclusion

For the foregoing reasons, the judgment of the Chancery Court is AFFIRMED.

_____
RICHARD H. DINKINS, JUDGE