IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned On Briefs August 21, 2013

## JERRY WHITESIDE DICKERSON v. DAVID SEXTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 6220    Lynn W. Brown, Judge**

---

**No.  E2013-00993-CCA-R3-HC - Filed August 30, 2013**

---

The Petitioner, Jerry Whiteside Dickerson, appeals the Johnson County Criminal Court's summary dismissal of his petition for the writ of habeas corpus regarding his convictions for first degree felony murder and especially aggravated robbery, for which he is serving an effective life sentence.  The Petitioner contends that the trial court erred in dismissing the petition.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which ALAN E. GLENN and ROGER A. PAGE, JJ., joined.

Jerry Whiteside Dickerson, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; Anthony Wade Clark, District Attorney General, for the appellee, State of Tennessee.

### OPINION

This court summarized the facts of the case in the Petitioner's appeal of his convictions:

On August 31, 1990, Michael White, the victim, was found dead in his house. Police found fingerprints at the scene which led to the apprehension of John Tory. Under questioning, Tory implicated the appellant and two other individuals in the robbery and murder. The police later questioned the appellant, who admitted to participating in the crimes. At trial, the appellant argued that he was forced into the crimes by John Tory.

*State v. Dickerson*, 885 S.W.2d 90, 91 (Tenn. Crim. App. 1993). This court affirmed the Petitioner's convictions on appeal. *Id.* The Petitioner filed a petition for post-conviction relief, which the trial court denied and this court affirmed on appeal. *Jerry Whiteside Dickerson v. State*, No. 03C01-9710-CR-00472 (Tenn. Crim. App. Sept. 16, 1998), *perm. app. denied* (Tenn. Feb. 1, 1999).

The Petitioner has filed three previous petitions for the writ of habeas corpus. In the first petition, the Petitioner argued that his convictions and sentences were void because the trial record was improperly authenticated and contained inaccuracies. The trial court dismissed the petition, and this court affirmed. *Jerry W. Dickerson v. State*, No. E2003-02854-CCA-R3-PC (Tenn. Crim. App. June 1, 2004). In his second petition, the Petitioner argued that his sentences were void because the trial court failed to instruct the jury on the affirmative defense of duress and lesser included offenses, the evidence is insufficient to support his convictions, the State failed to disclose exculpatory evidence, and the court erred in admitting evidence. The trial court dismissed the petition, and this court affirmed the decision. *Jerry Dickerson v. Howard Carlton, Warden*, No. E2007-01967-CCA-R3-HC (Tenn. Crim. App. March 10, 2008), *perm. app. denied* (Tenn. June 23, 2008). In his third petition, the Petitioner argued that the trial court did not have jurisdiction because the first degree felony murder statute under which he was convicted was unconstitutional, that his indictments were defective, that the court lacked authority to enter guilty pleas for him, and that the court failed to instruct the jury properly. The trial court dismissed the petition, and this court again affirmed the trial court. *Jerry W. Dickerson v. State*, No. E2011-00685-CCA-R3-HC (Tenn. Crim. App. Dec. 12, 2011).

In his current habeas corpus petition, the Petitioner contended that the indictment was "legally deficient and of no effect, void, for its failure to allege that the offense was committed prior to the finding of the Indictment" and that because the indictment was void, his judgments are void. He also contended that his felony murder judgment was legally deficient because it did not reflect that the Petitioner was convicted by a jury and, instead, stated that his conviction was the result of a plea agreement. The State filed a motion to dismiss the petition because the Petitioner's claims had been rejected previously. The trial court summarily denied the petition, finding that no grounds for habeas corpus relief were stated.

On appeal, the Petitioner contends that the trial court erred in dismissing the petition. The State contends that the petition was properly dismissed because it alleged claims previously rejected in another of the Petitioner's habeas corpus petitions. We agree with the State.

The determination of whether habeas corpus relief should be granted is a question of law that is reviewed de novo with no presumption of correctness. *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). In Tennessee, habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999); *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). A voidable judgment "is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id.* The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. *State ex rel. Kuntz v. Bomar*, 381 S.W.2d 290, 291-92 (Tenn. 1964). A trial court may dismiss a petition for a writ of habeas corpus without a hearing and without appointing a lawyer when the petition does not state a cognizable claim for relief. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004); *State ex rel. Edmondson v. Henderson*, 421 S.W.2d 635, 636-37 (Tenn. 1967); *see* T.C.A. § 29-21-109 (2010).

Regarding the Petitioner's argument that his indictment was deficient, he raised various issues regarding the sufficiency of the indictment in his third petition for habeas corpus relief. In deciding one of the Petitioner's previous habeas corpus claims, this court concluded that the "indictment detailed the facts of the crimes and specifically referred to the felony murder and especially aggravated robbery statutes. The indictment gave the petitioner sufficient notice of the charged offenses. Therefore, he is not entitled to relief." *Jerry W. Dickerson*, No. E2011-00685-CCA-R3-HC, slip op. at 5 (citation omitted). Thus, this court has previously determined that the indictment was sufficient and gave sufficient notice to the Petitioner.

Regarding the Petitioner's argument that his judgments incorrectly reflected that he pleaded guilty, he also claimed in his third petition for habeas corpus relief that his judgments were void because the trial court lacked authority to enter guilty pleas for him and because they incorrectly reflected that he pleaded guilty to the offenses. The judgments in the record reflect that the Petitioner entered guilty pleas. Our previous opinions in the Petitioner's cases reflect that the convictions were by a jury verdict. In deciding the issue in the third habeas corpus opinion, this court noted that "clerical errors may be corrected at any time and do not void a judgment." *Jerry W. Dickerson*, No. E2011-00685-CCA-R3-HC, slip op. at 5 (citing Tenn. R. Crim. P. 36; *Randall Edwin Cobb v. State*, No.W2004-00156-CCA-

R3-HC (Tenn. Crim. App. Feb. 18, 2005), *perm. app. denied* (Tenn. Aug. 22, 2005)). This court has previously determined that the errors in the judgments of conviction did not make them void. We conclude that the Petitioner's claims were previously decided and are not appropriate for habeas corpus relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE