IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 1, 2018

### SANDRA BUTTRAM v. KENNETH RAMSEY

**Appeal from the Circuit Court for Hamilton County**
**No. 16C1460      J.B. Bennett, Judge**

_____

#### No. E2017-00937-COA-R3-CV

_____

Kenneth Ramsey ("Defendant"), pro se, appeals the April 18, 2017 order of the Circuit Court for Hamilton County ("the Circuit Court") granting Plaintiff's motion to dismiss Defendant's appeal from General Sessions Court to the Circuit Court. Defendant's brief on appeal severely fails to comply with Tenn. R. App. P. 27. We, therefore, find that Defendant has waived his issues on appeal. We affirm the Trial Court's April 18, 2017 order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which W. NEAL MCBRAYER and ARNOLD B. GOLDIN, JJ. joined.

Kenneth E. Ramsey, Chattanooga, Tennessee, pro se appellant.

Peter C. Ensign, Chattanooga, Tennessee, for the appellee, Sandra Buttram.

#### MEMORANDUM OPINION[1]

Sandra Buttram ("Plaintiff") sued Defendant and Sandra Ramsey in the General Sessions Court for Hamilton County ("General Sessions Court") seeking, among other things, re-possession of rental property. The General Sessions Court granted Plaintiff judgment by default for possession. Defendant filed a motion to set aside the default

_____

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

judgment, a petition to hold judgment as void, and a motion to stay execution of judgment. Defendant also filed a notice of appeal to this Court. By order entered February 9, 2016, this Court determined that it lacked subject matter jurisdiction and transferred the appeal to the Circuit Court. Defendant then filed a Petition for Writ of Mandamus in the Circuit Court.

Plaintiff filed a motion to dismiss the appeal in Circuit Court alleging, in part, that the General Sessions Court had denied Defendant's motions; that Defendant failed to timely appeal the judgment of the General Sessions Court granting Plaintiff possession; that thereafter Plaintiff filed suit in the Chancery Court for Hamilton County ("the Chancery Court") seeking to quiet title to the real property at issue; that in September of 2016 the Chancery Court had entered an order divesting all right, title and interest in the property out of Defendant and Sandra Ramsey and into Plaintiff; and that Defendant did not appeal the judgment of the Chancery Court, which became final.

By order entered April 18, 2017, the Circuit Court granted Plaintiff's motion and dismissed Defendant's appeal from the General Sessions Court after finding and holding, *inter alia*:

> This matter came to be heard on March 20, 2017, on Plaintiff's Motion to Dismiss before the Honorable Marie Williams, sitting in place of the Honorable J.B. Bennett. The matter was duly called and only the Plaintiff, in person and through counsel, appeared.

> After review of the pleadings and hearing of argument, Judge Williams granted Plaintiff's Motion to Dismiss. Subsequently, on March 21, 2017, Defendant Kenneth Ramsey appeared in Judge Bennett's court room claiming his notice stated the hearing was on March 21, 2017. Plaintiff's counsel agreed to move the hearing to April 3, 2017, and not enter any order from Judge Williams.

> On April 3, 2017, counsel for Plaintiff again appeared, but Defendant Kenneth Ramsey did not appear. As well, Defendant Kenneth Ramsey has never filed any response to the properly filed and noticed Motion to Dismiss.

Defendant appeals the April 18, 2017 order of the Circuit Court granting Plaintiff's motion to dismiss his appeal.

2

Defendant is pro se on appeal.  As this Court explained in *Young v. Barrow*:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts.  *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997).  The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system.  *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988).  However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary.  Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.  *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995).

*Young v. Barrow*, 130 S.W.3d 59, 62–63 (Tenn. Ct. App. 2003).

Defendant's brief on appeal fails to comply in any meaningful way with Tenn. R. App. P. 27.  Rule 27 of the Tennessee Rules of Appellate Procedure specifies that an appellant's brief must contain, inter alia:

> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

* * *

> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
> (7) An argument, which may be preceded by a summary of argument, setting forth:
> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

Tenn. R. App. P. 27(a).

Defendant's brief fails to comply with Tenn. R. App. P. 27. While Defendant's brief contains a page titled "TABLE OF AUTHORITIES," the only other information on that page states: "TRCiv P Rule 3 and /Rule 4." Defendant provides no citations to the pages of the brief wherein these authorities are cited, and cites to no other authority whatsoever.

Defendant's brief contains a section titled "STATEMENT OF THE ISSUE PRESENTED FOR REVIEW." The two issues that Defendant states within this section, however, attempt to raise issues with regard to the judgment from the General Sessions Court, not the Circuit Court. The record on appeal reveals that Defendant did not raise these issues in the Circuit Court, and the Circuit Court made no findings whatsoever with regard to these alleged issues. The law in Tennessee is well settled that issues not raised in the trial court may not be raised on appeal. *E.g., In re: The Guardianship of R.D.M.*, 306 S.W.3d 731, 736 (Tenn. Ct. App. 2009). As the appeal before us is an appeal of the order of the Circuit Court rather than the General Sessions Court, Defendant's statement of the issues raises no appealable issues at all.

Defendant's half-page "STATEMENT OF FACTS" contains misnumbered sentence fragments with no citations to the record. In its entirety, Defendant's "ARGUMENT" section states:

> 1. Do the Tennessee Rules of Civil Procedure Require service of both a Summons and a copy of the complaint.
> TRCivP Rule 4
> The plaintiff shall furnish the person making the service with such copies of the summons and complaint as are necessary. Service shall be made as follows:
> TRCivP Rule 4.04(1) Upon an individual other than an unmarried infant or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally,
> Because no copy of the complaint could possibly have been served with the summons as required by Rule 4 the service of Process was incomplete and the court lacked Jurisdiction.

Perhaps the only thing that is clear from Defendant's brief is that Defendant is unhappy with the outcome of the case in some way. We will not undertake to search the record and then revise Defendant's brief in its entirety so as to create issues of claimed errors by the Circuit Court when Defendant raises no such specific claimed errors by the Circuit Court, because to do so would have this Court serve as Defendant's attorney.

4

We are not unmindful of Defendant's pro se status and have given him the benefit of the doubt whenever possible. Nevertheless, we cannot write Defendant's brief for him, and we are not able to create arguments or issues where none otherwise are set forth. Likewise, we will not dig through the record in an attempt to discover arguments or issues that Defendant may have made had he been represented by counsel. To do so would place Plaintiff in a distinct and likely insurmountable and unfair disadvantage as this Court would be acting as Defendant's attorney.

A party's failure to comply with the appellate brief requirements set forth in Tenn. R. App. P. 27 can have serious consequences, as we have warned repeatedly:

> Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue. *See State v. Schaller*, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997); *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 210 (Tenn. Ct. App. 1994); *State v. Dickerson*, 885 S.W.2d 90, 93 (Tenn. Crim. App. 1993). Moreover, an issue is waived where it is simply raised without any argument regarding its merits. *See Blair v. Badenhope*, 940 S.W.2d 575, 576-577 (Tenn. Ct. App. 1996); *Bank of Crockett v. Cullipher*, 752 S.W.2d 84, 86 (Tenn. Ct. App. 1988). . . . This Court is under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the brief. *Duchow v. Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993) (citing *Airline Const. Inc., [sic] v. Barr*, 807 S.W.2d 247 (Tenn. Ct. App. 1990)).

*Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000).

Defendant failed to comply in any significant way with Tenn. R. App. P. 27, most importantly by failing to raise any issue of claimed error by the Circuit Court, and this failure makes it impossible for this Court to conduct any realistic review of the Circuit Court's judgment. As such, we find and hold that Defendant has waived any issues he may have attempted to raise on appeal. The costs on appeal are assessed against the appellant, Kenneth E. Ramsey, for which execution may issue if necessary.

_____
D. MICHAEL SWINEY, CHIEF JUDGE