# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### August 27, 2015 Session

## PAMELA ROSE BEELER v. BARRY ALLEN BEELER

**Appeal from the Circuit Court for Knox County, Fourth Circuit**
**No. 112970     Frank V. Williams, III, Chancellor[1]**

---

**No. E2014-02216-COA-R3-CV – Filed November 24, 2015**

---

This appeal arises from a divorce and the entry of a permanent parenting plan. Pamela Rose Beeler ("Mother") filed for divorce from her husband Barry Allen Beeler ("Father") in the Circuit Court for Knox County, Fourth Circuit ("the Trial Court"). After a prolonged and contentious legal battle, the Trial Court granted the parties a divorce. The parties ultimately reached a settlement regarding the custody of their three minor children, which was announced in open court. Father appeals, arguing that, despite his agreeing to the settlement, he actually opposes the settlement and that the final judgment should be overturned. We affirm the judgment of the Trial Court. We further find this appeal frivolous and remand to the Trial Court for a determination of reasonable attorney's fees to be awarded to Mother.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which JOHN W. MCCLARTY, J., joined. THOMAS R. FRIERSON, II, J., not participating.

Barry Allen Beeler, pro se appellant.

Camellia S. Saunders, Knoxville, Tennessee, for the appellee, Pamela Rose Beeler.

---

[1] Sitting by interchange.

# MEMORANDUM OPINION[2]

## Background

Mother and Father married in 1996. They have three children together: Leeanna, Joshua, and Ashlynn. The eldest child, Leeanna, reached the age of 18 after the judgment was entered. In 2009, Mother sued Father for divorce. The contentious procedural history of this case need not be recited in detail. In July 2014, the parties appeared before the Trial Court. Father had claims against Mother for child support. Mother, for her part, had claims for spousal support and dissipation of marital assets against Father. These claims, however, did not proceed to trial, and instead the parties simply divided the remaining marital assets. The parties also reached an agreed resolution on all other outstanding issues. Father was awarded primary residential custody of the parties' two youngest children, with the parties having equal co-parenting time. Mother was awarded primary residential custody of the eldest daughter, Leeanna, then 17, with 365 days of parenting time to Father's zero days. It was agreed, however, that Leeanna, given her age, was allowed to see Father at her discretion.

Father, duly sworn, testified his assent to the settlement:

Q. State your name for the record, Mr. Beeler.
A. It's Barry Allen Beeler. Do I need to stand?
Q. Yes, please. It's been a long time coming today. Do you understand the announcement we made to the Court?
A. Yes, sir.
Q. Will you live by it?
A. Yes.
Q. Do you believe that fairly and equitably divides the assets and liabilities that you have in this case that we have announced to the Court?
A. Yes.
Q. Do you believe that the announcement with regard to your minor children is in the best interests of your children?
A. Yes.
Q. And will you live by that, as well?
A. Yes.

---

[2]Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

Q. So you're asking the Court, once we prepare the final judgment and attach the court reporter's transcript, you're asking this Court to grant you a divorce based on what we've announced today?
A. Yes.

Mother also assented to the settlement. The Trial Court entered its Final Judgment granting the parties a divorce and incorporating the announced settlement in October 2014. Father, changing course after having agreed to the settlement, timely filed an appeal to this Court.

## Discussion

Father's statement of issues is a page long and does not concisely state any particular alleged error committed by the Trial Court. However, we believe the last sentence on Father's statement of issues page adequately summarizes his issues, stating: "The oral agreement presented to the Court on July 21, 2014 was inconsistent, incomplete and misrepresented the spirit of an agreement between [Mother] and [Father] and is not in the Best Interest of the minor children." Mother raises her own issue on appeal: whether Father's appeal is frivolous and whether, as a result, she should be awarded her attorney's fees incurred in defending Father's appeal.

Initially, we recognize that Father is representing himself pro se on appeal. As this Court explained in *Young v. Barrow*:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003)

We, therefore, must take into account Father's pro se status and afford him every benefit of the doubt, while being careful not to assume the role of his lawyer. This often is a fine line for this Court to walk. Despite this approach, we cannot avoid the serious deficiencies in Father's brief. Most glaringly, Father cites to no legal authority.[3] Father's Table of Authorities includes no cases or statutes, but merely makes references to people in the record. This will not suffice. In *Bean v. Bean* this Court observed:

> Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue. *See State v. Schaller*, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997); *Rampy v. ICI Acrylics, Inc.* 898 S.W.2d 196, 210 (Tenn. Ct. App. 1994); *State v. Dickerson*, 885 S.W.2d 90, 93 (Tenn. Crim. App. 1993). Moreover, an issue is waived where it is simply raised without any argument regarding its merits. *See Blair v. Badenhope*, 940 S.W.2d 575, 576-577 (Tenn. Ct. App. 1996); *Bank of Crockett v. Cullipher*, 752 S.W.2d 84, 86 (Tenn. Ct. App. 1988). . . . This Court is under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the brief. *Duchow v. Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993) (*citing Airline Const. Inc., v. Barr*, 807 S.W.2d 247 (Tenn. Ct. App. 1990)).

*Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000).

Respectfully, Father's failure to cite to any relevant legal authority completely undermines his arguments. There are a multitude of cases, statutes, secondary sources, and other authorities on the subject of family law in Tennessee. Father has cited to none of them. The deficiencies in Father's brief effectively mean that we would have to construct a meritorious argument on his behalf, choosing the correct standards of review and citing to relevant case law and statutes. We should not and will not prejudice Mother by serving as Father's lawyer.

We could end there with regard to Father's issues, but, in the interest of completeness, we wish to make two further observations. First, Father describes as "first and foremost" his opposition to being awarded zero days with his eldest daughter, Leeanna. Leeanna, because of her age, was allowed under the Permanent Parenting Plan to see Father at her discretion, so the designation of zero days is somewhat misleading. Moreover, Leeanna has now attained majority age. The issue, therefore, is moot. By moot, we do not mean to trivialize Father's position—we simply mean that the issue no

---

[3] Father references Rules "17" and "26 visitation," but does not elaborate.

-4-

longer has any practical legal significance because this young woman is an adult now and entitled to make her own choices. This Court does not render purely symbolic judgments. Without an actual legal controversy, there is nothing for us to properly decide.

Lastly, there is the inescapable fact that Father agreed to the settlement under oath in open court. As quoted above, Father registered no dissent whatsoever to the plan when questioned in open court. Father now takes a contradictory stance on appeal. At oral arguments, Father asserted, basically, that he was confused and did not understand the implications of what he was agreeing to in the Trial Court. Nevertheless, the record states what it states, and we will not simply ignore it.

The final issue we address is Mother's issue of whether this appeal should be found frivolous. "'A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that [an appeal] can ever succeed.'" *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn. Ct. App. 2005) (quoting *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)). In pertinent part, Tenn. Code Ann. § 27-1-122 addresses damages for frivolous appeals stating:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122 (2000).

Given that Father's issue is moot, that he appeals what he agreed to in the Trial Court, and the severe deficiencies of Father's brief, most notably his failure to properly cite any legal authority in support of his arguments, there was little prospect that Father's appeal could succeed. Consequently, we find this appeal frivolous, and remand this case to the Trial Court for a determination of reasonable attorney's fees to be awarded to Mother. We affirm the judgment of the Trial Court.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below and for a determination of reasonable attorney's fees to be awarded the Appellee, Pamela Rose Beeler, in defending this appeal. The costs on appeal are assessed against the Appellant, Barry Allen Beeler, and his surety, if any.

_____

D. MICHAEL SWINEY, JUDGE