# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs December 1, 2021

## CHARLES STROMSNES ET AL. v. RRM ET AL.

### Appeal from the Circuit Court for Loudon County
No. 2020-CV-7      Michael S. Pemberton, Judge

_____

### No. E2021-00246-COA-R3-CV

_____

The plaintiffs appeal the trial court's grant of the defendants' motion to involuntarily dismiss the action at the conclusion of the plaintiffs' presentation of their evidence, pursuant to Tennessee Rule of Civil Procedure 41.02. The plaintiffs' brief on appeal severely fails to comply with Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6. We, therefore, find that the plaintiffs have waived their issues on appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ARNOLD B. GOLDIN, J., joined.

Charles Brett Stromsnes and Penny Stromsnes, Harriman, Tennessee, Pro Se.

Samuel W. Rutherford and Reece Brassler, Knoxville, Tennessee, for the appellees, Recreation Resource Management, Inc.; Warren Meyer; and Gail Edwards.

### MEMORANDUM OPINION[1]

The plaintiffs, Charles Stromsnes and Penny Stromsnes (collectively, "Plaintiffs"), filed an action against Recreation Resource Management, Inc. (RRM), Warren Myer, and

_____

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

Gail Edwards (collectively, "Defendants") in the Loudon County General Sessions Court, which was subsequently appealed to the Loudon County Circuit Court ("the Trial Court"). A *de novo* trial was conducted in September 2020 by the Trial Court. After Plaintiffs completed the presentation of their evidence, the Trial Court granted Defendants' motion to involuntarily dismiss the action, pursuant to Tennessee Rule of Civil Procedure 41.02. Plaintiffs timely appealed to this Court.

Plaintiffs are pro se on appeal. As this Court has explained:

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995).

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003).

Defendants argue that Plaintiffs' brief on appeal fails to comply with Tennessee Rule of Appellate Procedure 27 or Court of Appeals Rule 6. Tennessee Rule of Appellate Procedure 27 specifies that an appellant's brief must contain, *inter alia*:

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

* * *

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

* * *

(7) An argument, which may be preceded by a summary of argument, setting forth:

(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues)[.]

Tenn. R. App. P. 27(a).

Additionally, Tennessee Court of Appeals Rule 6(a) provides that the written argument in an appellate brief shall contain as follows:

(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

Tenn. Ct. App. R. 6(a). Furthermore, Rule 6(b) states as follows:

No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. Ct. App. R. 6(b).

Regarding compliance with Tennessee Rule of Appellate Procedure 27, Plaintiffs' principal brief on appeal contains no table of authorities. This lack of a table of authorities,

- 3 -

however, is not all that surprising as their brief fails to cite *any* legal authority whatsoever in their principal brief. We acknowledge that Plaintiffs filed a subsequent document that includes two citations to appellate court opinions, one from the state of Wisconsin and the other from the United States Court of Appeals for the First Circuit. However, Plaintiffs have not stated any context in combination with their citation to this case law, nor have they explained how these cases are relevant to the appeal at issue.

The Tennessee Rules of Appellate Procedure require an appellant to provide more than mere bare assertions of error without citations to authority. *State v. Cross*, 362 S.W.3d 512, 526 (Tenn. 2012). Tennessee Rule of Appellate Procedure 27 provides that the appellant must provide the reasoning behind his or her arguments, "including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on," and include a standard of review for each issue.

Plaintiffs have no section in their principal brief identifying an argument section. Plaintiffs include two sections titled "Defamation and Conspiracy" and "Errors at Trial" that could arguably be construed as relevant to an argument section. However, even if we were to construe these sections together as the argument section, they still would not be sufficient to comply with Tennessee Rule of Appellate Procedure 27 or Court of Appeals Rule 6. These sections include vague and unsupported allegations against Defendants and the Trial Court. The section entitled, "Errors at Trial," is essentially a list of alleged errors Plaintiffs aver were made during the Trial Court proceedings. None of these alleged errors provide any explanation with specificity as to how the Trial Court erred in making its decisions. None of these statements listed as errors at trial by Plaintiffs are supported by any legal authority to support their position. Plaintiffs also provide no standard of review concerning their issues raised and no statement of the case, both of which are required by Tennessee Rule of Appellate Procedure 27.

Plaintiffs' second filing does little to contribute to a supported argument on appeal. In addition to the case law citations lacking context, the second document contains four additional "Grounds for Appeal" that Plaintiffs have failed to develop into any meaningful argument to demonstrate error on behalf of the Trial Court. This Court has held that a "skeletal argument that is really nothing more than an assertion will not properly preserve a claim." *Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009) (quoting *Newcomb v. Kohler Co.*, 222 S.W.3d 368, 400 (Tenn. Ct. App. 2006)).

Considering both of Plaintiffs' filings, Plaintiffs have clearly failed to comply with Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6. As our Supreme Court has held, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of Supreme Court*, 301 S.W.3d 603, 615 (Tenn. 2010).

A party's failure to comply with the appellate brief requirements set forth in Tennessee Rule of Appellate Procedure 27 can have serious consequences, as we have warned repeatedly:

> Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue. *See State v. Schaller*, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997); *Rampy v. ICI Acrylics, Inc.* 898 S.W.2d 196, 210 (Tenn. Ct. App. 1994); *State v. Dickerson*, 885 S.W.2d 90, 93 (Tenn. Crim. App. 1993). Moreover, an issue is waived where it is simply raised without any argument regarding its merits. *See Blair v. Badenhope*, 940 S.W.2d 575, 576-577 (Tenn. Ct. App. 1996); *Bank of Crockett v. Cullipher*, 752 S.W.2d 84, 86 (Tenn. Ct. App. 1988). . . . This Court is under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the brief. *Duchow v. Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993) (citing *Airline Const. Inc.,* [sic] *v. Barr*, 807 S.W.2d 247 (Tenn. Ct. App. 1990)).

*Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000).

We are not unmindful of Plaintiffs' pro se status on appeal, and we have given them the benefit of the doubt whenever possible. Nevertheless, we cannot write Plaintiffs' brief for them or construct supported and well-reasoned arguments on their behalf where none are otherwise set forth. To do so would place Defendants in a distinct and likely insurmountable and unfair disadvantage as this Court would be acting as Plaintiffs' lawyer. Therefore, we hold that Plaintiffs failed to comply in any significant way with Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6, and this failure makes it unfeasible for this Court to attempt to conduct any realistic review of the Trial Court's judgment without providing an unfair advantage to Plaintiffs. As such, Plaintiffs have waived any issues and arguments they may have attempted to raise on appeal. Thus, we affirm the Trial Court's judgment.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellants, Charles Stromsnes and Penny Stromsnes, and their surety, if any.

s/ D. Michael Swiney
D. MICHAEL SWINEY, CHIEF JUDGE

- 5 -